## STATE OF FLORIDA v. SQUIRES
Case No. 82-363-AC
Eleventh Judicial Circuit, Appellate Division, Dade County
July 27, 1983

---

Jim Smith, Attorney General and William P. Thomas, Assistant Attorney General, for appellant.

Gary R. Marlin, Marlin & Marlin, for appellee.

Before KORVICK, BARAD and GOLDMAN, JJ.

GOLDMAN, Judge.

---

This is an appeal by the State from an order granting defendant's motion to suppress the results of a breathalyzer test in a prosecution for driving under the influence of alcoholic beverages and driving with an unlawful alcohol blood level. For the reasons hereinafter set forth, we reverse.

Prior to trial on the aforesaid charges, Defendant filed a motion to suppress the results of a chemical test regarding the blood alcohol level of defendant on the grounds that the machine used in connection with the chemical test was technically unreliable.

At the hearing on said motion, Defendant presented an expert who testified that the stray radio broadcast audible on the videotape of the test suggested a strong radio interference which would adversely affect the test results. In addition, *without objection by the State*, Defendant introduced a Customer Advisory from the manufacturer of the Breathalyzer warning that strong radio waves might cause invalid test results. Neither the Advisory nor Defendant's expert could quantify the combinations of power level and frequency which would distort the results or which were present during the test.

The State offered three expert witnesses, all duly licensed technicians with experience in administering breathalyzer tests. The first expert,

who actually administered the test to the Defendant, testified that he had no observed any unusual fluctuations in the machine either during the test or at any other time. He further testified that the machine had been calibrated just prior to Defendants test and was functioning properly.

The second expert called by the State testified that there had been no problems with the machine used for Defendant's test, or with any similar model machine routinely used by the County.

The test given to Defendant was administered on August 5, 1982. On September 10, 1982, the manufacturer issued the aforementioned Advisory, and the State became aware of potential problems sometime in October, 1982. In November, 1982, both the second and third experts called by the State testified that they performed the test procedures suggested by the manufacturer, and found that the machine used to test Defendant was not adversely affected by any radio waves present where the machine is operated.

After hearing all the testimony, the trial judge found "that there is a possibility and the possibility does exist and it could have existed at the time on the date that the Breathalyzer was given . . . (that the test) may be affected in unpredictable, and by variances and par levels." Based upon these findings, the trial judge granted Defendant's motion to suppress the test results, and it is from such order that this appeal is taken.

It is axiomatic that all relevant evidence is admissible, except as provided by law. F.S. 90.402; *McCrae v. State*, 395 So.2d 1145 (Fla. 1981) *cert.* denied 102 S. Ct. 583 (1981). Evidence of experiments and tests which have been made out of court is admissible for any relevant purpose. *Gard*, "Florida Evidence" Section 13.07 (1980).

The use of breathalyzer tests in the prosecution of persons accused of driving a motor vehicle while under the influence of an alcoholic beverage has been specifically approved by our Supreme Court in *State v. Bender*, 382 So.2d 697 (Fla. 1980) wherein the court stated:

> "When the prosecution presents testimony in evidence concerning motor vehicle intoxication which includes an approved alcohol test method by a properly licensed operator, the fact finder *may presume* that the test procedure is reliable, the operator is qualified and the presumptive meaning of the test as set forth in section 322.262(2) is applicable." (Emp. Added).

The factual finding of a possibility of unreliability is not sufficient basis to exclude otherwise relevant evidence. *Peek v. State*, 395 So.2d

492 (Fla. 1980). See also *Stroupe v. Commonwealth*, 207 S.E.2d 894 (Va. 1974).

Accordingly, the order granting the Defendant's motion to suppress is reversed.[1]

---

[1]We find it necessary to note that neither trial counsel gave the trial judge the benefit of a single legal citation to aid the judge in his ruling.