## Richmond

## WILLIAM LEWIS STROUPE v. COMMONWEALTH OF VIRGINIA.

August 28, 1974.

Record No. 731080.

Present, All the Justices.

*Joseph P. Johnson, Jr.; Robert O. Goff,* for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Poff, J., delivered the opinion of the court.

Convicted by a jury of operating a motor vehicle under the influence of intoxicants, William Lewis Stroupe complains that the trial court erred in admitting into evidence a certificate reflecting the results of a breathalyzer test to which he consented. The basis of his complaint is that the Commonwealth introduced no evidence to show that the chemical analysis of defendant's breath was valid or that the test had been conducted in accordance with the procedures and standards required by Code § 18.1-55.1 (Cum. Supp. 1973).[1] The arresting officer, the only witness for the Commonwealth, did not conduct the test and knew nothing about the procedures employed. Defendant testified concerning what he regarded as certain irregularities in the procedure used by the test operator, but no evidence of proper testing procedures was introduced.

---

[1] Relevant to those standards and to admissibility, Code § 18.1-55.1(r1) reads in pertinent part as follows:

■ First, defendant argues that the Commonwealth introduced no evidence to prove that the chemical analysis met the statutory definition of validity, *i.e.*, that it was "performed by an individual possessing a valid license to conduct such tests, with a type of equipment and in accordance with the methods approved by the State Health Commissioner." We find no merit in that argument. There was evidence on the face of the certificate that the test was performed by an operator licensed by the Commissioner. That evidence raises the reasonable inference that such operator was trained with a machine approved by the Commissioner, in methods approved by the Commissioner, and that the same machine and methods were used to conduct the test administered to defendant. Precisely what type of machine and methods had been approved does not appear from the record. Absent proof of the standards approved, there could be no proof of noncompliance with those standards, and defendant's allegations, even if true, were insufficient to negate the inference of compliance.

■ Second, conceding that the certificate contained every averment, datum, signature, and attestation specifically

---

"Chemical analysis of a person's breath, to be considered valid under the provisions of this section, shall be performed by an individual possessing a valid license to conduct such tests, with a type of equipment and in accordance with the methods approved by the State Health Commissioner. Such breath-testing equipment shall be tested for its accuracy by the State Health Commissioner's office at least once every six months.

"The State Health Commissioner is directed to establish a training program for all individuals who are to administer the breath tests, of at least forty hours of instruction in the operation of the breath test equipment and the administration of such tests. Upon the successful completion of the training program the Commissioner may issue a license to the. individual operator indicating that he has completed the course and is authorized to conduct a breath test analysis.

"Any individual conducting a breath test under the provisions of this section and as authorized by the State Health Commissioner shall issue a certificate which will indicate that the test was conducted in accordance with the manufacturer's specifications, the equipment on which the breath test was conducted has been tested within the past six months, the name of the accused, the date, the time the sample was taken from the accused, the alcoholic content of the sample, and by whom the sample was examined. The certificate, as provided for in this section, when duly attested by the authorized individual conducting the breath test, shall be admissible in any court in any criminal proceeding as evidence of the alcoholic content of the blood of the accused. In no case may the officer making the arrest, or anyone with him at the time of the arrest, or anyone participating in the arrest of the accused, make the breath test or analyze the results thereof."

required by the statute, defendant argues that these were simple conclusions and that the certificate was inadmissible until the Commonwealth had called the test operator to prove the foundation for the conclusions. But Code § 18.1-55.1(s) (Cum. Supp. 1973) provides that the standards imposed "are procedural in nature and not substantive"; that "[s]ubstantial compliance therewith shall be deemed to be sufficient"; and that "[f]ailure to comply . . . shall go to the weight of the evidence and shall be considered as set forth above with all the evidence in the case, provided that the defendant shall have the right to introduce evidence on his own behalf to show noncompliance with the aforesaid procedure or any part thereof, and that as a result his rights were prejudiced."

Manifestly, the General Assembly intended to spare the Commonwealth the prosecutorial and financial burdens of calling two public officers to testify in every drunk driving case involving breathalyzer test evidence. When the certificate contains what the statute requires, the statute makes the certificate self-authenticating for purposes of admissibility. Once the certificate is admitted, the statute makes it evidence of the alcoholic content of the blood to be considered with all other evidence in the case. But the statute does not make the certificate conclusive evidence of the statutory regularity of the test. With respect to regularity of the test, the statute affords the defendant the right to prove noncompliance with test procedures. Here, defendant had the right to subpoena the test operator for that purpose. He chose not to exercise that right. Even had he called the test operator and proved some prejudicial irregularity in test procedures, such proof would not have defeated admissibility of the certificate but only affected its weight as evidence of the alcoholic content of his blood.

We hold that the certificate was properly admitted into evidence, and the judgment is

*Affirmed.*