## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

v.

Janet O. Slusher

Case No. 92-CRA-476

Commonwealth of Virginia

v.

Adams S. Taylor

Case No. CR93–000002

Commonwealth of Virginia

v.

William W. Gordon, III

Case No. CR93–000005

February 25, 1993

BY JUDGE WILLIAM H. LEDBETTER, JR.

Each of the defendants in these cases has been charged with operating a motor vehicle under the influence of alcohol in violation of Virginia Code § 18.2–266. In each case, the defendant elected to submit to a blood test, and the blood sample was sent to a laboratory of the Division of Forensic Science for analysis. On appeal from the general district court, each of the defendants filed a motion to suppress the certificate of blood analysis on the ground that the certificate does not comply with the provisions of § 18.2–268.7. The three motions were consolidated for argument on February 18, 1993. After hearing

arguments, the court took the matters under advisement. This opinion letter addresses the motions.

In 1992, the General Assembly rewrote Virginia Code § 18.2–268, the statute that regulated withdrawal of blood samples, testing, certification of test results, and admission of such test results as evidence in court, in DUI cases. The new legislation consists of twelve separate statutes that cover the matters formerly contained in § 18.2–268. Perhaps the most significant departure from prior law is repeal of the requirement that the blood sample be transmitted by the testing laboratory to the appropriate court for admission as evidence in the case. Now, only a certificate of the blood test result is transmitted to the court for use as evidence.

This rather radical change in the procedure by which substantive evidence is to be admitted in a DUI case was accompanied by statutory modifications of the manner by which blood test results must be certified.

The revised statute requires the following steps:

First, the blood sample is received and analyzed by a laboratory of the Division of Forensic Science.

Second, a certificate is prepared containing the following information:

A. Identification of the accused by name;

B. Time and date on which the blood sample was received and examined;

C. Identification of the person at the laboratory who received and examined the blood sample;

D. A statement that the seal on the vial was received at the laboratory in an unbroken and untampered condition;

E. A statement that the vial was provided by the Division;

F. A statement that a blood withdrawal certificate was attached to the vial;

G. The test result; and

H. A statement that the blood withdrawal certificate was removed from the vial by someone at the laboratory ("the director or representative") and attached to the certificate of analysis.

Third, after the blood withdrawal certificate is removed from the vial and attached to the certificate of analysis, the certificate of analysis is executed and forwarded to the clerk of the court in which the case is to be heard.

Fourth, the vial and blood sample are destroyed.

Upon proper identification of the certificate of withdrawal, the certificate of analysis, with the withdrawal certificate attached, duly attested, "shall be admissible in court . . . as evidence of the facts therein stated and of the results of such analysis." *See* § 18.2–268.7.

In the cases at bar, the defendants argue that each certificate of analysis is fatally defective because no one has attested that the director or representative removed the withdrawal certificate from the vial and attached it to the certificate of analysis. (See H of Second Step in the discussion above.)

The certificate of analysis in each of these cases is on a printed form prepared by or for the Division of Forensic Sciences and bearing the seal of the Commonwealth. The following preprinted attestation is contained on the certificate:

> The vial seal had not been broken or tampered with when received. The container and vial were provided by the Division of Forensic Science. The attached Certificate of Blood Withdrawal was affixed to the vial.

The certificate in each of these cases also shows the laboratory number, the vial number, the name of the accused, the name of the person who received and examined the blood sample, the time and date of receipt and testing, and the test result. The withdrawal certificate is attached by adhesive to the face of the certificate of analysis in a place provided for that purpose. The certificate of analysis bears the signature of the director after the word "Teste."

The certificate does *not* state that the director or representative removed the withdrawal certificate from the vial and attached it to the certificate of analysis.

The Commonwealth argues that no such statement is necessary because it is supplied by clear inference. This is so, the argument goes, because (1) the director has attested that the withdrawal certificate was affixed to the vial when it was received at the laboratory, and (2) the withdrawal certificate is attached to the certificate of analysis. Ergo, the argument continues, the court can assume/infer that authorized personnel at the laboratory removed the withdrawal certificate from the vial and attached it to the certificate of analysis and that the person who performed those acts must have been "the director or representative."

The Commonwealth also points to § 18.2–268.11, which provides that "substantial compliance" with the statutory provisions relating to taking, handling, identifying and disposing of blood samples "shall be sufficient."

Although the appellate courts have not addressed the specific issue raised in these cases, questions regarding the sufficiency of certificates of analysis under the former statute may provide some guidance. In *Stroupe v. Commonwealth*, 215 Va. 243 (1974), for example, the Supreme Court found that the facts contained on the face of the certificate raised "the reasonable inference" that the test had been properly performed. There, however, the Court observed that "the certificate contained every averment, datum, signature, and attestation required by the statute." Here, the certificate manifestly does not contain "every averment . . . required by the statute."

In summary, even assuming that these certificates can be preprinted in such a way that they contain all of the averments, etc., required by the statute without a precise, word-for-word recitation of all the statutory language, this court is of the opinion that at least *something* must appear on the face of the certificate with respect to each statutorily-required statement.

It is important to emphasize that the statute does not merely require the director or representative to remove the withdrawal certificate from the vial and attach it to the certificate of analysis. It requires the director or representative to "*state in the certificate of analysis that it was so removed and attached*" (emphasis added). When the governing statute expressly and specifically requires that a fact be *stated*, that fact must be stated and cannot be supplied by inference.

Further, the inference that the Commonwealth asks the court to draw is not reasonable. Nothing in the certificate of analysis suggests who removed the withdrawal certificate from the vial, when, or under what circumstances.

Accordingly, in each case, the motion will be granted and the certificate of analysis suppressed.