COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


CARL EDWARD ANDERSON
                                              OPINION BY
v.   Record No. 2704-95-2        JUDGE ROSEMARIE ANNUNZIATA
                                            JUNE 17, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Thomas N. Nance, Judge

            Cullen D. Seltzer, Assistant Public Defender
            (David J. Johnson, Public Defender, on
            briefs), for appellant.

            Steven A. Witmer, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


        Following a bench trial, appellant, Carl E. Anderson, was

convicted of DUI, third offense, and operating a motor vehicle

after having been adjudicated an habitual offender.  On appeal,

he contends the trial court erred in admitting into evidence the

certificate of breath analysis and the order adjudicating him an

habitual offender.  We disagree and affirm his convictions.

                                 I.

        The facts are not in dispute.  On August 16, 1995, Officer

VanLandingham stopped appellant after observing him make an

illegal left turn.  The officer detected an odor of alcohol about

appellant and noticed that his eyes were bloodshot.  Appellant

admitted that he had consumed at least fifteen beers during the

preceding four and one-half hour period.  He then performed

poorly on field sobriety tests directed by the officer.

Appellant failed the heel-to-toe test, twice losing his balance, as well as the one-legged stand; he further stated he was unable to recite the alphabet between the letters F and N.  The officer arrested appellant and transported him to the station house where the officer gave appellant a breath analysis test.

Officer VanLandingham testified concerning the testing procedures she followed.  She described a self-test that the breath analysis machine runs to assure that no residual alcohol in the machine or in the air affects the test result.  None was detected in the present case.

The machine printed a certificate of analysis, which showed appellant's breath alcohol content to be .13 grams per 210 liters of breath.  The certificate further indicated that the breath analysis machine had been tested for accuracy by the Division of Forensic Science on April 19, 1995, and the certificate's attestation clause contained the following statement:

> THE EQUIPMENT ON WHICH THE BREATH TEST WAS CONDUCTED HAS BEEN TESTED WITHIN THE PAST SIX MONTHS AND FOUND TO BE ACCURATE.

Officer VanLandingham attested to those statements by signing the attestation clause.  VanLandingham acknowledged that she had no personal knowledge that the machine had been tested for accuracy. The certificate was admitted into evidence over appellant's objection.

In 1991, the Circuit Court of Campbell County entered an order adjudicating appellant an habitual offender and directing

that he "shall not operate a motor vehicle on or upon the highways of the Commonwealth of Virginia."  The order was admitted into evidence over appellant's objection.

## II.

Code § 18.2-268.9[1] requires that the breath analysis certificate indicate, inter alia, that "the equipment on which

---

[1]Code § 18.2-268.9 provides in part:

> To be capable of being considered valid as evidence in a prosecution under § 18.2-266 or § 18.2-266.1, chemical analysis of a person's breath shall be performed by an individual possessing a valid license to conduct such tests, with a type of equipment and in accordance with methods approved by the Department of Criminal Justice Services, Division of Forensic Science.  The Division shall test the accuracy of the breath-testing equipment at least once every six months.

> \*    \*    \*    \*    \*    \*    \*

> Any individual conducting a breath test under the provisions of § 18.2-268.2 shall issue a certificate which will indicate that the test was conducted in accordance with the Division's specifications, [and that] the equipment on which the breath test was conducted has been tested within the past six months and has been found to be accurate

> . . . . This certificate, when attested by the individual conducting the breath test, shall be admissible in any court in any criminal or civil proceeding as evidence of the facts therein stated and of the results of such analysis.

- 3 -

the breath test was conducted has been tested within the past six months and has been found to be accurate. . . ." Admissibility of the certificate as evidence of the facts therein stated is premised on attestation "by the individual conducting the breath test." That is, under the statute only the test-taker may properly attest to the statements contained in the certificate.

Among the other statutory requisites, the certificate in the present case plainly "indicates" that the breath analysis machine was tested and found to be accurate within the proper time frame. Pursuant to the statute, Officer VanLandingham, the test-taker, attested to what the certificate indicated, and the court admitted the certificate into evidence.

Appellant contends that the admission of the certificate was error, however, because VanLandingham had no personal knowledge of the machine's performance testing. VanLandingham's attestation, he contends, is therefore a nullity, rendering the certificate inadmissible. We disagree.

The Commonwealth is not required to establish a foundation for the statements contained in the certificate. Stroupe v. Commonwealth, 215 Va. 243, 245, 207 S.E.2d 894, 896 (1974).

> Manifestly, the General Assembly intended to spare the Commonwealth the prosecutorial and financial burdens of calling two public officers to testify in every drunk driving case involving breathalyzer test evidence. When the certificate contains what the statute requires, the statute makes the certificate self-authenticating for purposes of admissibility. Once the certificate is admitted, the statute makes it evidence of the alcoholic content of the blood to be

considered with all other evidence in the case. But the statute does not make the certificate conclusive evidence of the statutory regularity of the test. With respect to regularity of the test, the statute affords the defendant the right to prove noncompliance with test procedures. Here, defendant had the right to subpoena the test operator for that purpose. He chose not to exercise that right. Even had he called the test operator and proved some prejudicial irregularity in test procedures, such proof would not have defeated admissibility of the certificate but only affected its weight as evidence of the alcoholic content of his blood.

Id. Officer VanLandingham's personal knowledge of the required test for accuracy affected, if anything, the weight of the certificate as evidence, not its admissibility.

Appellant argues that Stroupe is distinguishable from the present case because the defendant in Stroupe conceded that the certificate contained every "averment, datum, signature, and attestation specifically required by the statute." 215 Va. at 244-45, 207 S.E.2d at 896. Appellant's proffered distinction of Stroupe is without meaning. Appellant does not, nor could not, contend that the certificate lacked an attestation by Officer VanLandingham.[2] Rather, appellant's contention is that the officer's attestation is not sufficient to establish the admissibility of the certificate because she had no personal knowledge of the fact to which she attested. In other words,

---

[2]Compare Frere v. Commonwealth, 19 Va. App. 460, 452 S.E.2d 682 (1995), upon which appellant would like to rely, in which the certificate in question contained no attestation clause.

appellant argues that no foundation existed for the statements contained in the certificate, exactly the issue disposed of by Stroupe.

In a further attempt to distinguish Stroupe, appellant argues that his position would require only the attestor of the certificate to have personal knowledge of the statements it contained, not the test-taker. Appellant's position is not well-taken. Because, under the statute, the test-taker must attest to the certificate, appellant's position leads to the ineluctable result that the test-taker would have to calibrate the machine personally or to witness its calibration and be able to testify that it was performed accurately. Such a result would be plainly contrary to the intent of the legislature in enacting the statute, see Stroupe, 215 Va. at 245, 207 S.E.2d at 896, and we decline to accept it. See Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992) ("[T]he plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction . . . .").

Accordingly, we find no error in the trial court's decision to admit the certificate of breath analysis.

III.

Appellant contends the order adjudicating him an habitual offender is void because the circuit court lacked jurisdiction to enter it. Code § 46.2-356 provides that

> [n]o license to drive motor vehicles in
> Virginia shall be issued to an habitual
> offender (i) for a period of ten years from

- 6 -

> the date of any final order of a court . . .
> finding the person to be an habitual offender
> and (ii) until the privilege of the person to
> drive a motor vehicle in the Commonwealth has
> been restored by an order of a court of
> record entered in a proceeding as provided in
> this article.

Appellant contends that the failure of the court which adjudicated him an habitual offender to limit the prohibition on his privilege to drive for a period of ten years renders the order void. Accordingly, he argues, the trial court erred in admitting the habitual offender order into evidence.

Code § 46.2-356 is not a jurisdictional limitation on the circuit courts. See Manning v. Commonwealth, 22 Va. App. 252, 255-56, 468 S.E.2d 705, 707 (1996); Davis v. Commonwealth, 12 Va. App. 246, 248, 402 S.E.2d 711, 712 (1991). Rather, it directs the Department of Motor Vehicles in the issuance of driver's licenses to individuals found to be habitual offenders. Accordingly, we find no merit in appellant's argument that the order adjudicating him an habitual offender is void.

The decision of the trial court is accordingly affirmed.

Affirmed.

Benton, J., concurring in part and dissenting in part.

I agree with the majority's conclusion that the order adjudicating Carl E. Anderson an habitual offender is not void. However, I would hold that the trial judge erred in admitting the certificate of Anderson's breath test analysis into the evidence. Accordingly, I would reverse Anderson's DUI conviction.

The admissibility of a certificate of analysis in a prosecution for a violation of Code § 18.2-266 is controlled by Code § 18.2-268.9, which provides in relevant part as follows:

> Any individual conducting a breath test under the provisions of [Code] § 18.2-268.2 shall issue a certificate which will indicate that . . . the equipment on which the breath test was conducted has been tested within the past six months and has been found to be accurate . . . . This certificate, <u>when attested by the individual conducting the breath test, shall be admissible</u> . . . .

<u>Id.</u> (emphasis added). A proper attestation by the individual who conducted the breath test is required before the certificate can be admitted under Code § 18.2-268.9 as an exception to the rule against hearsay. <u>Cf.</u> <u>Gray v. Commonwealth</u>, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980); <u>Frere v. Commonwealth</u>, 19 Va. App. 460, 465, 452 S.E.2d 682, 686 (1995) ("[I]n order to be admissible as an exception to the hearsay rule, a certificate introduced under [a similar statute] must bear the examiner's signature as part of an attestation clause included on the certificate."). Thus, the validity of the attestation affects not just the weight of the evidence, but its admissibility. <u>Id.</u>

Anderson was tested on August 16, 1995. Officer Carla VanLandingham, the individual who conducted the breathalyzer test and signed the certificate, testified that she had not tested the breathalyzer machine because she was "not allowed access to that." The certificate, which was printed by the breathalyzer machine, stated that the machine "was tested for accuracy" on April 19, 1995. However, when Officer VanLandingham was asked on cross-examination, "You don't have any personal knowledge that [the test was performed]," she answered, "I wasn't there when it was done, that is correct." Thus, the sole basis for Officer VanLandingham's testimony that the machine had been tested within the last six months was the report given by the machine itself.

"The preparer's signature on an attestation clause . . . serve[s] the purpose of officially certifying the genuineness and accuracy of the certificate's contents, a result that a mere signature cannot achieve." Frere, 19 Va. App. at 465, 452 S.E.2d at 686. Indeed, the plain meaning of the word, "attest," is "[t]o affirm to be correct." The American Heritage Dictionary 140 (2d ed. 1991). Officer VanLandingham's testimony proved that she did not have personal knowledge that the machine had been tested other than her knowledge gained from the report given by the machine.

> When a witness A on the stand testifies, "B told me that event X occurred," . . . [h]e may be regarded as asserting the event upon his own credit, i.e., as a fact to be believed because he asserts that he knows it. But when it thus appears that his assertion is not based on personal observation of event

> X, his testimony to that event is rejected, because he is not qualified by proper sources of knowledge to speak to it.  This involves a general principle of testimonial knowledge . . . .

5 John Henry Wigmore, Wigmore on Evidence § 1361 (James H. Chadbourn rev. 1974).

When Officer VanLandingham testified that she made the attestation because the machine "told" her that it had been tested for accuracy, she revealed that her attestation was based merely upon the machine's report and not her own personal observation.  Thus, Officer VanLandingham was not competent to attest that the machine had been tested because she was "not qualified . . . to speak to" the matter.  Id.  Simply put, her attestation was invalid.

Moreover, the machine's report did not even state that the machine was found to be accurate.[3]  Because Officer VanLandingham

---

[3]No evidence proved that when the machine was tested for accuracy by the Division of Forensic Science on April 19, 1995 it was found accurate.

The certificate contains the following recitals:

DATE TEST CONDUCTED          WED  AUG. 16, 1995

WAS TESTED FOR ACCURACY
BY THE DIVISION OF FORENSIC
SCIENCE ON                   WED  APR. 19, 1995

Officer VanLandingham's attestation clause is the place that contains the boiler plate statement "that the equipment . . . has been tested within the past six months and found to be accurate."  However, that attestation was worthless because Officer VanLandingham testified that "[she] wasn't there when it was done."  She had no basis in fact to make that attestation.  Furthermore, nothing in the boiler plate language of the attestation clause states that when the machine was tested on

did not have independent personal knowledge that the equipment had been tested and clearly had no basis to conclude that the machine had been found to be accurate, I would hold that the certificate was not properly attested as required by Code § 18.2-268.9. Thus, I would hold that the trial judge improperly admitted the certificate into the evidence.

The majority states that "[Anderson] argues that there was no foundation for the statements contained in the certificate, exactly the issue disposed of by Stroupe." The majority misses the distinction between this case and Stroupe v. Commonwealth, 215 Va. 243, 207 S.E.2d 894 (1974). In Stroupe, the defendant "conced[ed] that the certificate contained every . . . attestation specifically required by the statute" but "argue[d] that [the attestations] were simple conclusions and that the certificate was inadmissible until the Commonwealth had called the test operator to prove the foundation for the conclusions." Id. at 244-45, 207 S.E.2d at 896 (emphasis added). No evidence or argument in Stroupe challenged the validity of the attestation. See id. Rather, Stroupe argued that, in addition to meeting the statutory attestation requirements, the Commonwealth also was required to prove by independent evidence a foundation for the conclusions contained in the certificate. See id. at 245, 207 S.E.2d at 896. The Supreme Court held that the General Assembly specifically intended to "spare the Commonwealth
(..continued)
April 19, 1995, it was accurate.

[that] . . . burden[]."  Id.

Anderson, however, disputes the validity of the attestation.  The testimony of Officer VanLandingham showed that the attestation she made was not based upon her own knowledge.  Anderson does not argue that the Commonwealth should be required, in every case, to prove by independent evidence the foundation for the statements in the certificate.  Rather, Anderson argues that where, as here, the evidence proves that the attestation was not based upon the maker's own knowledge and is thus "a mere signature," Frere, 19 Va. App. at 465, 452 S.E.2d at 686, the attestation fails to meet the requirements of Code § 18.2-268.9 and the certificate is inadmissible.  The difference between Anderson's argument and Stroupe's argument is substantive, not merely semantic.

Finally, the majority asserts that requiring the individual who makes the attestation to obtain personal knowledge that the machine has been tested and found to be accurate within the past six months would conflict with the intent of the General Assembly.  I disagree.  "[T]he General Assembly intended to spare the Commonwealth the prosecutorial and financial burdens of calling two public officers to testify in every drunk driving case involving breathalyzer test evidence." Stroupe, 215 Va. at 245, 207 S.E.2d at 896 (emphasis added).  The General Assembly did not intend to spare the officer who conducts the test the burden of having personal knowledge that the machine was tested

- 12 -

and found to be accurate within the last six months.  I find no evidence that the General Assembly intended to dispense with the requirement that the maker of the attestation have personal knowledge that the facts to which the maker attests are true.

For these reasons, I dissent.  I would reverse the conviction and remand for a new trial.