COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


CALVIN L. WOOLRIDGE

OPINION BY
v.    Record No. 0121-98-2          JUDGE LARRY G. ELDER
                                       MARCH 23, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Ernest P. Gates, Judge Designate

Cullen D. Seltzer (David J. Johnson, Public
Defender, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Calvin Woolridge (appellant) appeals from his jury trial

conviction for driving while intoxicated in violation of Code

§ 18.2-266. On appeal, he contends the trial court erroneously

(1) admitted the results of a breath test certificate prepared by

a machine which, without explanation, printed a random arabic

numeral on the face of the certificate in the middle of the

testing official's name; (2) admitted evidence that appellant was

offered a preliminary breath test; and (3) refused appellant's

proffered instruction telling the jury that it could consider

appellant's lack of flight from the arresting officer as a factor

in determining his guilt or innocence. For the reasons that

follow, we disagree and affirm the conviction.

I.

FACTS

On the evening of December 31, 1996, Officer James E.

Schultz, Jr., stopped appellant for speeding. When Schultz asked

for appellant's license and registration, he noticed the odor of alcohol coming from appellant's person.  In response to an inquiry from Schultz, appellant admitted consuming "a couple of drinks."  Schultz asked appellant to perform some field sobriety tests, which Schultz demonstrated before asking appellant to perform them.  Appellant accurately performed one test which involved counting backward from fifty-seven to forty-one, but he was unable successfully to complete either the nine-step heel-to-toe walk or the one-leg stand.  Schultz then offered appellant a field alka-sensor test and arrested appellant for driving while intoxicated.

Schultz transported appellant to police headquarters, where he administered a breathalyzer test on the Intoxilizer 5000.  Schultz, who was trained to operate the machine, placed his personal identification card in the machine, from which the machine determined that he was its operator.  Schultz entered appellant's name into the machine by hand.  Schultz then administered the test, and the machine produced a certificate of breath analysis indicating that appellant had a blood alcohol concentration of 0.14 grams per 210 liters of breath.  On the portion of the certificate listing the operator's name, the machine printed "SCHULTZ4 JAMES E., JR."  Schultz then signed the certificate, which stated that the test was conducted with approved equipment in accordance with the specifications of the Division of Forensic Science and that the machine "ha[d] been tested within the past six months and found to be accurate."  Schultz explained that he was not personally present when the

calibration test was performed on August 30, 1996, but that his training to operate the machine included information that the machine would have been removed from service if it had not been accurate at the time of the last calibration test.

At trial, appellant moved to exclude (1) the breath test certificate and (2) testimony that appellant was offered and was given a preliminary breath test. The trial court ruled that the certificate was admissible and that Officer Schultz could testify that he offered appellant a preliminary breath test. Officer Schultz ultimately testified that "a field alcosensor test was offered to [appellant]."

At the close of the evidence, appellant proffered Jury Instruction X, which he described as "the inverse of [a] flight instruction." The instruction read: "If a person does not flee the scene of an alleged crime, that fact creates no presumption that the person is innocent of having committed the crime. However, it is a circumstance which you may consider along with the other evidence." The trial court refused the instruction. The jury convicted appellant of the charged offense.

## II.

## ANALYSIS

### A.

### ADMISSIBILITY OF BREATH TEST CERTIFICATE

Appellant contends the trial court erroneously admitted the breath test certificate. He argues that the certificate did not comply with statutory requirements because the machine printed a random number on the certificate in the middle of the testing

official's name and the testing official, Officer Schultz, could not confirm, based on personal knowledge, that the breathalyzer machine was functioning properly either at the time the machine was tested for accuracy by the Division of Forensic Science as required by Code § 18.2-268.9 or at the time of appellant's breath alcohol test. We hold that our decision in Anderson v. Commonwealth, 25 Va. App. 26, 486 S.E.2d 115 (1997), read in conjunction with Code § 18.2-268.9, controls our disposition of these issues. We are guided by the principle that "[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."

Code § 18.2-268.9 provides, in relevant part, as follows:

> To be capable of being considered valid as evidence in a prosecution under § 18.2-266, § 18.2-266.1, or a similar ordinance, chemical analysis of a person's breath shall be performed by an individual possessing a valid license to conduct such tests, with a type of equipment and in accordance with methods approved by the Department of Criminal Justice Services, Division of Forensic Science. The Division shall test the accuracy of the breath-testing equipment at least once every six months.
>
> \*     \*     \*     \*     \*     \*     \*
>
> Any individual conducting a breath test under the provisions of § 18.2-268.2 shall issue a certificate which will indicate that the test was conducted in accordance with the Division's specifications, the equipment on which the breath test was conducted has been tested within the past six months and has been found to be accurate, the name of the accused, that prior to administration of the test the accused was advised of his right to observe the process and see the blood alcohol reading on the equipment used to perform the breath test, the date and time the sample was

- 4 -

taken from the accused, the sample's alcohol content, and the name of the person who examined the sample. This certificate, when attested by the individual conducting the breath test, shall be admissible in any court in any criminal or civil proceeding as evidence of the facts therein stated and of the results of such analysis. Any such certificate of analysis purporting to be signed by a person authorized by the Division shall be admissible in evidence without proof of seal or signature of the person whose name is signed to it. . . .

Interpreting this statute in <u>Anderson</u>, we rejected the contention that the certificate at issue, which contained the same relevant wording in the attestation clause, was inadmissible because the person administering the test had no personal knowledge of the machine's performance testing. 25 Va. App. at 31, 486 S.E.2d at 117; <u>see</u> <u>id.</u> at 34 n.3, 486 S.E.2d at 119 n.3 (Benton, J., dissenting) (reciting language in attestation clause). We held that "[t]he Commonwealth is not required to establish a foundation for the statements contained in the certificate." <u>Id.</u> at 30, 486 S.E.2d at 116. We reasoned:

"When the certificate contains what the statute requires, the statute makes the certificate self-authenticating for purposes of admissibility. Once the certificate is admitted, the statute makes it evidence of the alcoholic content of the blood to be considered with all other evidence in the case. But the statute does not make the certificate conclusive evidence of the statutory regularity of the test. With respect to regularity of the test, the statute affords the defendant the right to prove noncompliance with test procedures. . . . Even had he . . . proved some prejudicial irregularity in test procedures, such proof would not have defeated admissibility of the certificate but only affected its weight as evidence of the alcoholic content of his blood."

- 5 -

<u>Id.</u> at 30, 486 S.E.2d at 117 (quoting <u>Stroupe v. Commonwealth</u>, 215 Va. 243, 245, 207 S.E.2d 894, 896 (1974)); <u>see</u> <u>also</u> Code § 18.2-268.11 (providing that substantial compliance with procedures in Code §§ 18.2-268.2 to 18.2-268.9 is sufficient to permit admissibility of blood or breath test results).  As a result, we held in <u>Anderson</u> that the "[testing officer's] personal knowledge of the required test for accuracy affected, if anything, the weight of the certificate as evidence, not its admissibility."[1]  25 Va. App. at 30, 486 S.E.2d at 117.

Appellant conceded on oral argument before us that the only distinction between this case and <u>Anderson</u> is that the certificate here contained a random numeral printed in the middle of the testing official's name, but appellant contends that this distinction required exclusion of the certificate.  We disagree. The same principles we enunciated in <u>Anderson</u> apply to Officer Schultz's ability to confirm that the test was accurate when administered to appellant.  Simply put, the statute does not require proof of the accuracy of an individual test as a prerequisite to admissibility of the resulting certificate.

---

[1]The Virginia Supreme Court on the merits denied Anderson's petition for appeal, <u>see</u> <u>Anderson v. Commonwealth</u>, No. 971680 (Va. Dec. 17, 1997), making the holding in <u>Anderson</u> fully binding on this Court.  <u>See</u> <u>Harward v. Commonwealth</u>, 5 Va. App. 468, 476, 364 S.E.2d 511, 515 (1988) (noting that "'decision to . . . refuse a petition for writ of error is based upon . . . the merits of the case'" (quoting <u>Saunders v. Reynolds</u>, 214 Va. 697, 700, 204 S.E.2d 421, 424 (1974))); <u>id.</u> (noting that "doctrine . . . appl[ies] even when 'the precise issue involved' resulted in denial of a petition for a writ of error in a separate case" (quoting <u>Stillwell v. Commonwealth</u>, 219 Va. 214, 226, 247 S.E.2d 360, 368 (1978))).

Here, although Schultz could not explain why the machine had printed the number "4" on the breath analysis certificate in the middle of his name, the certificate complied with all the requirements contained in Code § 18.2-268.9, and the burden was on appellant to prove a substantive, rather than merely procedural, irregularity sufficient to defeat the certificate's admissibility. See Anderson, 25 Va. App. at 30, 486 S.E.2d at 117 (citing Stroupe, 215 Va. at 245, 207 S.E.2d at 896). Compare Brooks v. City of Newport News, 224 Va. 311, 314-15, 295 S.E.2d 801, 803 (1982) (holding that section of statute requiring testing official to possess a valid license to conduct breath tests was substantive such that certificate plainly indicating that license of test administrator had expired was inadmissible) (decided under former § 18.2-268(r1), predecessor of current § 18.2-268.9). Officer Schultz explained that the machine read his name from an operator identification card Schultz inserted into the machine. A variety of possible reasons might explain the machine's inclusion of the number "4" in Schultz's name, including an error in the information encoded on Schultz's identification card or an error in the machine's reading of the card. However, neither of these possibilities produces a substantive irregularity sufficient to defeat the certificate's admissibility. Therefore, the unexplained presence of the number "4" affected only the weight to be given the certificate, not its admissibility. See Anderson, 25 Va. App. at 30, 486 S.E.2d at 117.

Appellant also contends on brief that the trial court failed to consider other issues critical to the certificate's admissibility -- whether it was relevant, material and more probative than prejudicial.  Because appellant did not challenge the certificate's admissibility at trial on any of these grounds, we do not consider on appeal his contention that any of these factors may have barred admission of the certificate.  See Rule 5A:18.

For these reasons, we hold that the trial court did not abuse its discretion in admitting the certificate into evidence.[2]

B.

### ADMISSIBILITY OF TESTIMONY THAT APPELLANT WAS OFFERED A PRELIMINARY BREATH TEST

Under Code § 18.2-267(A), "[a]ny person who is suspected of a violation of § 18.2-266 or § 18.2-266.1 shall be entitled, if such equipment is available, to have his breath analyzed to determine the probable alcoholic content of his blood."  The statute provides that, "[w]henever the breath sample analysis indicates that alcohol is present in the person's blood, the officer may charge the person with [driving while intoxicated]." Code § 18.2-267(D).  However, it also provides that "[t]he results of the breath analysis shall not be admitted into evidence in any prosecution [for driving while intoxicated]." Code § 18.2-267(E) (emphasis added).  Therefore, we have held that the results of the preliminary breath test may be admitted

_____

[2]Appellant challenges only the admissibility of the certificate.  He does not challenge the sufficiency of the evidence to prove his blood alcohol level violated Code § 18.2-266.

into evidence at a pretrial probable cause or suppression hearing, see Stacy v. Commonwealth, 22 Va. App. 417, 423-24, 470 S.E.2d 584, 587 (1996), but "the results . . . shall not be admitted into evidence in any prosecution" which determines guilt or innocence, Code § 18.2-267(E); see Stacy, 22 Va. App. at 421-23, 470 S.E.2d at 586-87. The statute does not expressly prohibit the introduction of evidence indicating that the accused has been offered a preliminary breath test.

Appellant contends that evidence that the test was offered, coupled with evidence that appellant was then arrested for DUI, was tantamount to admitting the results of the test. He also contends that the fact that the test was offered was irrelevant and immaterial; because appellant did not question whether Officer Schultz had probable cause to make the arrest, the offering of the test tended to prove no fact in issue.

We disagree. First, the mere fact that appellant did not challenge whether Officer Schultz had probable cause for the arrest did not render immaterial the evidence that the test was offered. Under settled principles, a defendant may not prevent the Commonwealth from offering evidence of a fact simply because the defendant is willing to stipulate to that fact or does not contest its existence. We repeatedly have held that the Commonwealth is not required to accept a defendant's offer to stipulate and is entitled to offer evidence to prove any fact relevant to the charged offense. See Cantrell v. Commonwealth, 7 Va. App. 269, 287, 373 S.E.2d 328, 337 (1988) (despite defendant's offer to stipulate, permitting Commonwealth to offer

evidence of defendant's affair as motive for murder of wife); Glover v. Commonwealth, 3 Va. App. 152, 161-62, 348 S.E.2d 434, 440 (1986) (despite defendant's offer to stipulate, permitting Commonwealth to prove prior convictions to support conviction under recidivist statute), aff'd, 236 Va. 1, 372 S.E.2d 134 (1988). Here, appellant admits that whether Officer Schultz offered appellant a preliminary breath test was relevant to whether Schultz had probable cause to make the arrest. The mere fact that appellant did not contest this issue did not nullify the Commonwealth's right to offer evidence on that issue.

Second, we reject appellant's contention that the admission of this evidence led to the impermissible inference that the test showed the presence of alcohol. The evidence proved only that Officer Schultz offered appellant the test; it did not disclose whether appellant agreed or refused to take the test and, therefore, provided no impermissible inference regarding the results of the test.

For these reasons, we hold that the trial court did not abuse its discretion in admitting the challenged evidence.

### C.

### ENTITLEMENT TO PROFFERED JURY INSTRUCTION X

"[T]he trial court should instruct the jury only on those theories of the case which find support in the evidence." Morse v. Commonwealth, 17 Va. App. 627, 632-33, 440 S.E.2d 145, 149 (1994). "Although an instruction correctly states the law, if it is not applicable to the facts and circumstances of the case, it should not be given. An instruction must be supported by more

than a scintilla of evidence." Hatcher v. Commonwealth, 218 Va. 811, 813-14, 241 S.E.2d 756, 758 (1978) (citation omitted). "[T]he weight of the credible evidence that will amount to more than a mere scintilla . . . is a matter to be resolved on a case-by-case basis" by assessing the evidence in support of a proposition against the "other credible evidence that negates" it. Brandau v. Commonwealth, 16 Va. App. 408, 411-12, 430 S.E.2d 563, 565 (1993). On appeal, "we view the evidence with respect to the refused instruction in the light most favorable" to the appellant. Boone v. Commonwealth, 14 Va. App. 130, 131, 415 S.E.2d 250, 251 (1992).

Assuming without deciding that appellant's proffered instruction correctly states the law, we nevertheless hold that the instruction was not supported by more than a scintilla of evidence. The evidence, viewed in the light most favorable to appellant, shows that Officer Schultz stopped appellant for speeding and that appellant knew he was speeding at the time he was stopped. Therefore, appellant's failure to flee the scene rather than stop in response to Officer Schultz's lights does not provide even a scintilla of evidence to support an inference that appellant was innocent of speeding under the facts of this case.

Further, that appellant stopped for Officer Schultz's flashing lights and remained at the scene after Schultz began to investigate appellant's possible intoxication also does not provide the scintilla of evidence necessary to support appellant's proffered instruction. As we previously held in a different context, an accused's willingness to do something he or

she is required by law to do is not probative of his or her guilt or innocence, and evidence that the accused engaged in the required act, therefore, is not admissible.  See Hammond v. Commonwealth, 17 Va. App. 565, 568, 439 S.E.2d 877, 879 (1994) (en banc) (holding that request of accused to take a blood or breath test, under circumstances where Code § 18.2-268.2 required accused to take test, "prove[d] nothing about [the] guilt or innocence [of the accused]" such that evidence was not relevant and trial court did not err in refusing to admit it).  Here, appellant was required by law to stop in response to Officer Schultz's flashing lights and to remain at the scene while Schultz investigated his possible intoxication.  See Code § 46.2-817 (criminalizing driver's failure to stop upon signal from police officer); Code § 18.2-479 (criminalizing flight from custody on charge of misdemeanor or felony).  Therefore, appellant's compliance was not probative of his innocence, and the trial court did not err in refusing his instruction to the contrary.

For these reasons, we affirm appellant's conviction.

Affirmed.