PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Chafin, O'Brien and Russell
Argued at Salem, Virginia

KEITH ALEXANDER MAYBERRY

v.     Record No. 0225-15-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE MARY GRACE O'BRIEN
MARCH 8, 2016

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

Joseph A. Sanzone (Sanzone & Baker L.L.P., on brief), for
appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

A jury convicted Keith Alexander Mayberry ("appellant") of three crimes: object sexual

penetration, in violation of Code § 18.2-67.2; indecent liberties with a child while in a custodial or

supervisory relationship, in violation of Code § 18.2-370.1; and aggravated sexual battery of a child

less than thirteen years old, in violation of Code § 18.2-67.3. Following a sentencing hearing, the

court imposed the jury verdicts of life imprisonment for the object sexual penetration charge, five

years of incarceration for the indecent liberties charge, and twenty years of incarceration for the

aggravated sexual battery charge. Appellant asserts the following assignments of error:

I.     The [t]rial court erred by not allowing defendant's counsel to
introduce a transcript of the complaining witness' prior sworn
testimony as a recent complaint as the defendant has a sixth
amendment and fourteenth amendment right to a fair trial, which
would prohibit evidence from being solely used to benefit the
Commonwealth in a criminal trial.

II.    The trial court erred by failing to give an instruction which informed
the jury that if the defendant claimed accidental touching, and that

the Commonwealth had the burden to prove that the touching was not accidental.

## I. BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). So viewed, the evidence established that on June 5, 2013, the complaining witness ("K.M."), who was twelve years old, spent the night at appellant's mobile home. Appellant, K.M.'s uncle, lived with his girlfriend, Angela Lopez, and her three sons. Lopez and her children were out of town on the evening of June 5.

K.M. testified that after she and appellant bathed his dog, they sat down to watch television. At that time, appellant started hugging her. She stated that he began "touching [her] more inappropriately . . . [on her] chest and [her] lower area." Initially, he touched her over her clothing, but eventually he put his hand inside her shorts and underwear. When asked by the prosecutor if "any part of [appellant] touch[ed] inside" her private parts, K.M. answered, "Yes."

On both direct and cross-examination, K.M. acknowledged that she previously testified at the preliminary hearing that appellant did not penetrate "any part" of her. Defense counsel cross-examined her at some length concerning her statements at the preliminary hearing. K.M. explained that the preliminary hearing was her first time in a courtroom and she was very nervous. She asserted that despite her prior inconsistent statements at the preliminary hearing, her trial testimony was accurate. Appellant's counsel attempted to read from and introduce the transcript of the preliminary hearing. The Commonwealth's Attorney objected to the introduction of the transcript on the grounds that K.M. never denied making an inconsistent statement during her testimony at the preliminary hearing. The trial court sustained the objection.

Angela Lopez testified that the victim would often speak to her about what was happening in K.M.'s life. Approximately five days after the incident, K.M. told her that on June 5, appellant "wouldn't leave her alone the whole time that she was there, that he kept tickling her." Lopez stated that K.M. said she had asked appellant to stop but he would not, and she was "uncomfortable." K.M. showed Lopez where appellant had been tickling her, on her inner thigh.

Melissa Nelson, a child protective services investigator, testified at trial. She is certified as a forensic interviewer and is trained to speak with children about allegations of sexual abuse. Nelson explained that she met with K.M. on June 21, and K.M. told her about the events of June 5. Nelson testified that K.M. told her that appellant put his finger in her vagina.

Investigator Brian Dudley of the Campbell County Sheriff's Department testified that he interviewed appellant on June 12 and June 13, 2013. Appellant confirmed that he was alone with K.M. on June 5 and on that night he "had consumed a lot of alcohol and . . . was well on his way to being drunk." During the second interview, Investigator Dudley told appellant that the police had recovered appellant's DNA from inside the victim, which was not true. In response to that allegation, appellant told Investigator Dudley that the penetration must have been an accident.

Appellant testified on his own behalf during trial and unequivocally denied committing the offenses. He said that he and K.M. were merely wrestling and tickling but "nothing out of the ordinary" happened. He testified that he did not put his finger on or in the victim's vagina. He said that he did not penetrate K.M.'s vagina accidentally, and the only reason he told Investigator Dudley that he might have touched her accidentally was because Investigator Dudley lied to him about the DNA evidence. At trial, however, he repeatedly testified that no such penetration occurred.

At the conclusion of the testimony, appellant's counsel moved to introduce the transcript from the preliminary hearing both as a recent complaint under Code § 19.2-268.2 and as evidence of

a prior inconsistent statement. The trial court sustained the Commonwealth's objection to the introduction of the transcript.

Appellant proffered a jury instruction that modified an instruction from the Virginia Model Jury Instructions from accidental killing to "accidental touching." The court held that the instruction referred to accidental touching as a defense to the charge, but found "touching . . . [is] not an element" of any of the charges. Therefore, the court held that the instruction could be confusing to the jury and declined to give it.

## II. ANALYSIS

### A. Assignment of Error I: Preliminary Hearing Transcript

Appellant contends the trial court erred by refusing to admit the transcript of K.M.'s testimony at the preliminary hearing because it constituted a recent complaint and was therefore admissible pursuant to Code § 19.2-268.2.

### 1. Standard of Review

"Generally, the admissibility of evidence is within the discretion of the trial court and [the appellate court] will not reject the decision of the trial court unless [the appellate court] find[s] an abuse of discretion." Midkiff v. Commonwealth, 280 Va. 216, 219, 694 S.E.2d 576, 578 (2010). A court abuses its discretion

> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

Turner v. Commonwealth, 284 Va. 198, 206, 726 S.E.2d 325, 329 (2012) (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011)).

- 4 -

2. Admissibility of the Transcript Under Code § 19.2-268.2

Appellant asserts that K.M.'s preliminary hearing testimony was admissible under the provisions of Code § 19.2-268.2 and that the court erred by denying the introduction of the transcript. We disagree.

Code § 19.2-268.2 provides:

> Notwithstanding any other provision of law, in any prosecution for criminal sexual assault under Article 7 (§ 18.2-61 et seq.) of Chapter 4 of Title 18.2, a violation of §§ 18.2-361, 18.2-366, 18.2-370 or § 18.2-370.1, the fact that the person injured made complaint of the offense recently after commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness.

Code § 19.2-268.2 is often referred to as the "recent complaint" statute. The statute's origins are found in the common-law rule that a prosecutrix of an alleged rape was *required* to prove a timely complaint to corroborate her claim that an assault was committed against her will. Woodard v. Commonwealth, 19 Va. App. 24, 27, 448 S.E.2d 328, 330 (1994). Otherwise, the lack of such an outcry was viewed historically as casting doubt on the claim that the crime actually occurred. See Terry v. Commonwealth, 24 Va. App. 627, 634, 484 S.E.2d 614, 617 (1997). Code § 19.2-268.2 codified this common-law principle and expanded the recent complaint provisions to extend to numerous sexual offenses, not only rape.

Furthermore, we have held that "evidence of an out-of-court complaint by a victim is admissible, not as independent evidence of the offense, but as corroboration." Wilson v. Commonwealth, 46 Va. App. 73, 83, 615 S.E.2d 500, 505 (2005) (quoting Lindsey v. Commonwealth, 22 Va. App. 11, 14, 467 S.E.2d 824, 826 (1996)). Accordingly, while Code § 19.2-268.2 provides an exception to the hearsay rule, it is only the fact of the complaint that is admissible, not the details of the complaint. Breeden v. Commonwealth, 43 Va. App. 169, 185, 596 S.E.2d 563, 571 (2004). Further, "the scope of admissibility lies within the sound discretion of the

trial court" on this issue.  Id. (quoting Mitchell v. Commonwealth, 25 Va. App. 81, 86, 486 S.E.2d 551, 553 (1997)).

K.M.'s testimony at the preliminary hearing was not a "complaint of the offense" as contemplated by the statute.  The transcript that appellant sought to introduce was not an "out-of-court complaint by a victim," Wilson, 46 Va. App. at 83, 615 S.E.2d at 505, but rather, in-court testimony by a witness.  The portion of the preliminary hearing transcript that appellant sought to admit as a "recent complaint" consisted of questions presented to K.M. on cross-examination and included her answers, under oath, from the witness stand.  Testimony at a preliminary hearing differs significantly from the statements that are described in Code § 19.2-268.2.  Accordingly, the trial court did not err by refusing to admit the preliminary hearing transcript under Code § 19.2-268.2.

3.  Admissibility of the Transcript for Impeachment Purposes

Appellant also asserts that the trial court's refusal to permit the introduction of the preliminary hearing transcript precluded him from introducing evidence in his defense.  He argues that the transcript "can be used to establish inconsistencies with [K.M.'s] testimony."[1]

The inconsistency between the victim's testimony at the preliminary hearing and at trial was presented to the jury, first by the Commonwealth, and then, through extensive cross-examination, by appellant's counsel.  Appellant's counsel had the opportunity to impeach K.M. with her prior

---

[1] In his brief, appellant also argues that Code § 19.2-268.2 "unlawfully and unconstitutionally restricts the defendant's right to counsel and to a fair trial."  Appellant never contended at trial that the statute was unconstitutional and deprived him of the right to a fair trial.  Under Rule 5A:18, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling."  Although appellant noted an objection to the trial court's ruling that the transcript was inadmissible, he never asserted that the statute itself was unconstitutional.  Accordingly, we do not consider this argument on appeal.

statements. She acknowledged that her testimony differed at the preliminary hearing and offered an explanation for the discrepancy.

We have held that when a witness acknowledges making a prior inconsistent statement, it is not error for the trial court to refuse to admit the earlier statement into evidence. Currie v. Commonwealth, 30 Va. App. 58, 72-73, 515 S.E.2d 335, 342 (1999) (affirming trial court's denial of admission of preliminary hearing testimony when the witness acknowledged making the inconsistent statement). Therefore, we find that appellant was not denied an opportunity to impeach the victim with her testimony at the preliminary hearing.

B. Assignment of Error II: Jury Instruction on Accidental Touching

Appellant argues that the trial court erred by failing to give an instruction to the jury regarding "accidental touching." We disagree.

1. Standard of Review

Granting or denying jury instructions "rest[s] in the sound discretion of the trial court." Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009). On appeal, we review the trial court's ruling for an abuse of discretion. Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (*en banc*).

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). However, while a defendant is entitled to have the jury instructed on his theory of the case, such an instruction must be supported by "[m]ore than a scintilla of evidence." Eaton v. Commonwealth, 240 Va. 236, 255, 397 S.E.2d 385, 397 (1990). "The weight of the credible evidence that will amount to more than a mere scintilla . . . is a matter to be resolved on a case-by-case basis." Woolridge v. Commonwealth, 29 Va. App. 339,

348, 512 S.E.2d 153, 157 (1999). Upon review, the evidence must be viewed in the light most favorable to the proponent of the instruction. <u>King v. Commonwealth</u>, 64 Va. App. 580, 583, 770 S.E.2d 214, 216 (2015) (*en banc*).

### 2. Jury Instruction on Accidental Touching

At the conclusion of the evidence, appellant requested that the following instruction be given to the jury ("Instruction B"):

> Where the defense is that the touching was an accident, the defendant is not required to prove this fact. The burden is on the Commonwealth to prove beyond a reasonable doubt that the touching was not accidental. If after considering all the evidence you have a reasonable doubt whether the touching was accidental or intentional, then you shall find the defendant not guilty.

Instruction B is a modification of the Model Jury Instruction that addresses "accident" as a defense to homicide. At trial, appellant argued that "accidental explanations for any intentional act are the same."

The evidence presented at trial did not support granting Instruction B. Appellant's theory of the case was *not* that any touching was accidental; he vehemently and repeatedly denied ever sexually abusing K.M. or penetrating her vagina with his finger. The only evidence supporting an "accident" defense was appellant's statement during his second interview with the investigator that if his DNA was found inside the victim, it must have been because his finger slipped. However, appellant repudiated that statement at trial.

At trial, appellant explained that he only said that he may have committed the offense "by accident" because he was deceived by the investigator's false statement that his DNA was found inside the victim, not because he actually thought he might have accidentally touched K.M. When asked by the Commonwealth's Attorney, "[W]ell did it happen, or did it not happen?," appellant's response was that "[i]t did not happen."

A defendant is only entitled to instruct the jury "on those *theories of the case* that are supported by evidence." Connell v. Commonwealth, 34 Va. App. 429, 436, 542 S.E.2d 49, 52 (2001) (emphasis added). Accidental touching was not the defense theory of the case. Appellant testified that he never touched the victim's vagina, intentionally or otherwise. Rather, as defense counsel argued during closing, the defense theory was that "[t]he poor thing [referring to K.M.] is making it up as she goes along." The court did not err by denying the jury instruction.[2]

## III. CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

---

[2] Because we hold that the evidence did not support granting the jury instruction, we need not address any alleged error in the trial court's finding that touching was not an element of any of the offenses.