COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judge AtLee and Senior Judge Humphreys
Argued at Williamsburg, Virginia

UNPUBLISHED

RUBEN LAMAR-TYRESE WHITE

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1894-24-1                      JUDGE RICHARD Y. ATLEE, JR.
                                                         DECEMBER 30, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Robert B. Rigney, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Brooke I. Hettig, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a jury trial, the trial court convicted Ruben Lamar-Tyrese White of unlawfully

shooting into an occupied vehicle in violation of Code § 18.2-154.  On appeal, White contends

that the trial court erred in granting a jury instruction on flight from the crime scene.  He argues

that the evidence did not support the instruction.  Because we find any alleged error to be

harmless, we affirm the trial court's judgment.

I. BACKGROUND

"Consistent with the standard of review when a criminal appellant challenges the

sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the

Commonwealth, the prevailing party in the trial court.'"  *Hammer v. Commonwealth*, 74

Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  This

standard "requires us to 'discard the evidence of the accused in conflict with that of the

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On June 15, 2023, Stivenson Delinois, along with a co-worker, went to a house on Longdale Drive in Norfolk to retrieve a car he had lent to Tremayah Robertson, his sister-in-law.[1] When he arrived, White was sitting on the curb in front of the house. As Delinois walked past White to get the car key from inside the house, Delinois asked White which dents he had caused to Delinois's car. White "snapped" and started cursing. He said, "I'm the one who put the fucking brakes in this piece of shit." Delinois then went into the house and retrieved the car key.

After Delinois got the key, he walked back toward his truck. When he walked past White, White punched him in the jaw. As Delinois prepared to punch White in return, White quickly backed up, pulled out a gun, and fired it at Delinois. The shot did not strike Delinois, who "froze." Once he "came back to [him]self," Delinois got into his truck and put it in drive. White fired the gun at the truck and struck it three times. One of the bullets hit a can of blue paint in the back of the truck, and the paint "splashed everywhere," damaging the vehicle. Delinois drove away. He stopped in the parking lot of a nearby library and called the police. Then he went to another location on Longdale Drive and parked to wait for the police.

Alberto Llosa, a forensic investigator with the Norfolk Police Department, examined Delinois's truck and observed three bullet holes in the vehicle. The police recovered several cartridge casings and a bullet fragment in the front yard of the home on Longdale Drive. There was a pool of paint in the road, and a trail of paint leading away from the location.

---

[1] Delinois had loaned the car to Robertson, but he decided to take it back because he learned that it had been damaged.

White testified on his own behalf at trial. He explained that he was sitting on the curb outside the house on Longdale Drive, after an argument with Robertson, who was his girlfriend, waiting for an Uber. White testified that Delinois pulled up in his truck and swerved toward White on the curb, so White jumped up and stepped back onto the walkway. Delinois got out of the truck and approached White with a "hostile, aggressive energy," stopping within 6 to 12 inches of White's face. According to White, Delinois accused him of putting dents in Delinois's car. White warned Delinois "not to get in [his] face" or White would punch him. Delinois went inside the house and got the car key.

As Delinois approached White again while walking back to his truck, Delinois was "staring [White] down," so White punched him in the face. White claimed that Delinois then tried to punch him but missed. White said that at that point Delinois's co-worker, who was inside the vehicle, opened the truck door, "as if he was about to get out." Feeling threatened, White pulled out his gun. Delinois's co-worker said nothing and made no threats, and he did not appear to be armed. When Delinois did not leave, White fired three "warning shots" that hit the back of Delinois's truck. Delinois got into the truck, his co-worker closed his door, and Delinois drove the truck away. After the shooting, White "stayed for a while" and then left.

At trial, while discussing jury instructions after the close of evidence, the Commonwealth requested Instruction 15, which provided: "If a person leaves the place where a crime was committed to avoid prosecution, detection, apprehension or arrest, this creates no presumption that the person is guilty of having committed the crime. However, it is a circumstance which you may consider along with the other evidence." White objected to the instruction, arguing that it was not supported by the evidence because there was no evidence of flight. The trial court disagreed, granting the instruction.

The jury convicted White of unlawfully shooting into an occupied vehicle, and it acquitted him of attempted malicious wounding and the use of a firearm while committing a felony. This appeal followed.

## II. ANALYSIS

"A trial court 'has broad discretion over whether to give or deny proposed jury instructions.'" *Taylor v. Commonwealth*, 77 Va. App. 149, 166 (2023) (quoting *Huguely v. Commonwealth*, 63 Va. App. 92, 129 (2014)). "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" *Fahringer v. Commonwealth*, 70 Va. App. 208, 211 (2019) (quoting *Darnell v. Commonwealth*, 6 Va. App. 485, 488 (1988)). "[J]ury instructions are proper only if supported by the evidence, and more than a scintilla of evidence is required." *Watson v. Commonwealth*, 298 Va. 197, 207 (2019) (quoting *Payne v. Commonwealth*, 292 Va. 855, 869 (2016)). "The weight of the credible evidence that will amount to more than a mere scintilla . . . is a matter to be resolved on a case-by-case basis." *Mayberry v. Commonwealth*, 66 Va. App. 93, 101 (2016) (alteration in original) (quoting *Woolridge v. Commonwealth*, 29 Va. App. 339, 348 (1999)). "Upon review, the evidence must be viewed in the light most favorable to the proponent of the instruction." *Id.*

White argues that the trial court erred in granting Instruction 15 over his objection. He maintains that the instruction on flight, while a correct statement of law, was unsupported by the evidence.

We need not determine whether the trial court erred by giving Instruction 15. Even if it was error, any possible error in granting the instruction was harmless. *See Commonwealth v. Kilpatrick*, 301 Va. 214, 216 (2022) ("In analyzing the decision of a lower court, this Court has explained that it looks for 'the best and narrowest grounds available' for its decision, including harmless error."

(quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))). When the propriety of a jury instruction is challenged, the non-constitutional standard for harmless error applies. *Graves v. Commonwealth*, 65 Va. App. 702, 711 (2016).

A non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678. The "error is harmless if the reviewing court can be sure that the error did not influence the [fact finder] and only had a slight effect." *Lawrence v. Commonwealth*, 279 Va. 490, 497 (2010). "To reach this conclusion, the evidence of guilt must be so overwhelming that it renders the error insignificant by comparison such that the error could not have affected the verdict." *Kilpatrick*, 301 Va. at 217.

White's crime of conviction—unlawfully shooting into an occupied vehicle—was proven beyond a reasonable doubt by the Commonwealth's evidence and was further corroborated by White's own testimony. The undisputed evidence established that after a verbal and physical confrontation, White pulled out a gun. Both Delinois and White testified that White fired the gun three times and struck the truck each time. Delinois testified that he was in the vehicle when White fired the shots. Though White disputes that, his own testimony was that Delinois's co-worker, who was in the truck, had opened the door "as if he was about to get out," implying that he remained inside the truck. Thus, by all accounts, Delinois's truck was occupied when White, without justification or excuse, fired his gun into it. The evidence of White's guilt was therefore so overwhelming that any conceivable error in granting the instruction on flight was harmless.

III. CONCLUSION

For the foregoing reasons, we affirm the judgment.

*Affirmed.*