## Richmond

### CLARENCE GUTHRIE v. COMMONWEALTH OF VIRGINIA.

January 17, 1972.

Record No. 7719.

Present, All the Justices.

*Robert P. Beaver*, for plaintiff in error.

*Burnett Miller, III, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Clarence Guthrie, the defendant, entered a plea of guilty to an indictment charging that he did ". . . unlawfully and feloniously escape from the custody of officers while being confined for a conviction of a felony." The trial court sentenced him to confinement for a term of ten years in the state penitentiary.

Guthrie alleges that the trial court erred in ". . . imposing a greater sentence than the penalty called for in the indictment."

Prior to Guthrie's arraignment and plea, in response to an inquiry by defense counsel, the Commonwealth's Attorney mistakenly indicated that he was proceeding against the defendant under Code § 18.1-288. Guthrie argues that this was an election by the Commonwealth which limited his punishment to the maximum of five years provided by that statute.

This claim is without merit as the record establishes that Guthrie,

prior to his plea, was advised by both his counsel and the trial court that the prosecution was being conducted under Code § 53-291. Guthrie was also advised that he, as an inmate of a penal institution, was subject to a maximum penalty of twenty years imprisonment if he had inflicted bodily injury on the guard from whose custody he escaped, a fact that was later established by uncontraverted evidence.

The form of the indictment was not challenged prior to verdict and it may not be challenged now since it is sufficient to charge an offense. *McDougal* v. *Commonwealth*, 212 Va. 547, 186 S.E.2d 18 (1972), this day decided.

The record shows that Guthrie's plea of guilty was voluntarily and intelligently tendered by him and was accepted by the trial court.

Such a plea is, in reality, a self supplied conviction authorizing imposition of the punishment fixed by law. It is a waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this court. When a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal. *Peyton* v. *King*, 210 Va. 194, 169 S.E.2d 569 (1969).

*Affirmed.*