Present:  All the Justices

JAMIE LAMONT MILES

v.  Record No. 021718  OPINION BY JUSTICE CYNTHIA D. KINSER
                                June 6, 2003
SHERIFF OF THE VIRGINIA BEACH
CITY JAIL

        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                   Robert W. Curran, Judge

     This case is an appeal from a judgment of the circuit

court dismissing a petition for a writ of habeas corpus

filed by Jamie Lamont Miles.  In the petition, Miles

asserted ineffective assistance of counsel because his

trial counsel failed to perfect an appeal to the Court of

Appeals of Virginia.  Although Miles pled guilty to the

charges, we conclude that his trial counsel's failure to

file an appeal after having been instructed to do so by

Miles constituted deficient performance and that Miles,

having objectively demonstrated his intent to appeal, is

entitled to a belated appeal.  Thus, we will reverse the

judgment of the circuit court dismissing the petition for a

writ of habeas corpus.

     Miles pled guilty to two counts of robbery, in

violation of Code § 18.2-58, and one count of using a

firearm in the commission of a felony, in violation of Code

§ 18.1-53.1.  During the guilty plea colloquy, the court

asked Miles if he understood that, by pleading guilty, he

was waiving the right to appeal the court's decision. Miles responded affirmatively to the court's question. After hearing a summary of the evidence, the Circuit Court for the City of Newport News found Miles guilty of the offenses. At the sentencing hearing held on November 29, 2001, the court sentenced Miles to a five-year term of imprisonment on each conviction, for a total sentence of 15 years. The court also advised Miles that, if he wished to appeal the court's decision, he needed to advise his counsel so that a notice of appeal could be timely filed.

In his petition for a writ of habeas corpus, Miles states that he wrote a letter dated December 11, 2001, informing his attorney that he "wanted to appeal" his convictions. Receiving no response from his trial counsel, Miles then wrote the circuit court judge on three occasions, each time stating that he wanted to file an appeal. In the third letter, Miles asked the court to appoint a different attorney to represent him on appeal, and the court subsequently did so. The petition for a writ of habeas corpus alleging ineffective assistance of trial counsel and seeking a belated appeal then followed.

The respondent argued before the circuit court, as he does on appeal, that the petition should be dismissed because Miles failed to identify any anticipated grounds

for an appeal of his convictions.  The respondent contended

that, by pleading guilty to the charges, Miles waived all

non-jurisdictional grounds for appeal, see e.g., Walton v.

Commonwealth, 256 Va. 85, 91, 501 S.E.2d 134, 138 (1998);

Peyton v. King, 210 Va. 194, 196-97, 169 S.E.2d 569, 571

(1969), and that the record does not reveal any

jurisdictional or sentencing errors upon which to base an

appeal.  The respondent further pointed out that Miles did

not allege any such errors in his petition for a writ of

habeas corpus.  Given the limited nature of the grounds

available for an appeal of a conviction after a defendant

has pled guilty and the fact that Miles received the

minimum sentence allowed for each of his convictions, the

respondent asserted that Miles had not demonstrated that he

was prejudiced by his trial counsel's failure to file an

appeal.  The circuit court agreed with the respondent's

position and granted the motion to dismiss Miles' petition

for a writ of habeas corpus.

Miles appeals from the circuit court's judgment.  He

contends that the court erred by dismissing his habeas

corpus petition because he directed his trial counsel to

file an appeal and the attorney failed to do so.  Miles

posits that the court could not "presume a priori and in

the absence of any evidence" that he did not intend to

3

raise jurisdictional or sentencing errors on appeal. According to Miles, there is no requirement that he set forth his intended grounds of appeal in a habeas corpus petition seeking a belated appeal.

As the respondent argues, the law is well-settled that "a voluntary and intelligent plea of guilty by an accused is . . . a self-supplied conviction authorizing imposition of the punishment fixed by law" and waives all non-jurisdictional defects that occurred prior to entry of the guilty plea. Peyton, 210 Va. at 196, 169 S.E.2d at 571; accord Savino v. Commonwealth, 239 Va. 534, 538-39, 391 S.E.2d 276, 278 (1990); Beaver v. Commonwealth, 232 Va. 521, 526, 352 S.E.2d 342, 345 (1987); Guthrie v. Commonwealth, 212 Va. 550, 551, 186 S.E.2d 26, 28 (1972); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973). The waiver of non-jurisdictional defenses applies not only in the trial court but also in this Court. Peyton, 210 Va. at 196, 169 S.E.2d at 571. When a conviction is based upon a defendant's guilty plea and the defendant receives the sentence fixed by law, "there is nothing to appeal" absent a jurisdictional defect. Id. at 197, 169 S.E.2d at 571.

However, this case is not a direct appeal from Miles' convictions. Instead, it is a collateral attack on those convictions based on Miles' claim of ineffective assistance

of counsel.  Consequently, the issue here is whether trial counsel was constitutionally ineffective for failing to file a notice of appeal.  With regard to this issue, it is important that Miles wrote his attorney prior to the expiration of the period of time allowed for filing a notice of appeal, see Rule 5A:6, and stated that he wanted to appeal his convictions.  Miles' trial counsel did not dispute this allegation in his affidavit filed as an exhibit with the respondent's motion to dismiss Miles' habeas corpus petition.  Instead, the attorney stated only that he was not aware of any grounds upon which Miles could have appealed his convictions.

Our analysis of Miles' claim of ineffective assistance of counsel is guided by the decision of the Supreme Court of the United States in Roe v. Flores-Ortega, 528 U.S. 470 (2000).  There, the Court held that the two-part test for adjudicating claims of ineffective assistance of counsel previously enunciated in Strickland v. Washington, 466 U.S. 668 (1984), applies to a claim "that counsel was constitutionally ineffective for failing to file a notice of appeal."  Roe, 528 U.S. at 477.  Under the Strickland test, a convicted defendant "must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient

5

performance prejudiced the defendant." Id. at 476-77 (quoting Strickland, 466 U.S. at 688, 694).

In Roe, the question under the first prong of the Strickland test was whether counsel was deficient for failing to file a notice of appeal "when the defendant [had] not clearly conveyed his wishes one way or the other[.]" Id. at 477. In framing that question, the Court pointed out that it had previously "held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. (citing Rodriquez v. United States, 395 U.S. 327, 330 (1969); Peguero v. United States, 526 U.S. 23, 28 (1999)). At the opposite end of the spectrum, as the Court noted, is the defendant who explicitly instructs counsel not to file an appeal. Id. Such a defendant cannot later complain that counsel, by following instructions, engaged in deficient performance. Id.

The ineffective assistance of counsel claim in Roe fell between those two extremes and was, therefore, "best answered" by making two additional inquiries. Id. at 477-78. The first inquiry was whether counsel had consulted with the defendant.[1] Id. at 478. If counsel had done so,

_____

[1] The Court defined the term "consult" as "advising the defendant about the advantages and disadvantages of taking

"the question of deficient performance [was] easily answered: Counsel perform[ed] in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. However, if counsel had not consulted with the defendant about an appeal, the second question was "whether counsel's failure to consult with the defendant itself constitute[d] deficient performance." Id. Because the attorney in Roe had not consulted with the defendant, the Court then addressed under what circumstances counsel has an obligation to consult with a defendant about an appeal. Id. A relevant factor with regard to the duty to consult is whether the conviction followed a trial or a guilty plea. Id. at 480.

However, it is not necessary in the present case to address these subsidiary questions because Miles' claim falls squarely at the end of the spectrum where an attorney disregards a defendant's instructions to file a notice of appeal.[2] In that situation, an attorney "acts in a manner

_____

an appeal, and making a reasonable effort to discover the defendant's wishes." Roe, 528 U.S. at 478.

[2] We do not agree with the respondent's characterization of Miles' communication with his attorney as "a desire to appeal." At sentencing, the court told Miles that, if he wanted to appeal, he needed to advise his counsel so that a notice of appeal could be timely filed.

7

that is professionally unreasonable" by failing to follow the defendant's specific instructions.  Id. at 477.  Since it is not disputed that Miles timely instructed his trial counsel to initiate an appeal, we hold that counsel's failure to do so was deficient performance under the first prong of the Strickland two-part test.  See Roe, 528 U.S. at 477; Rodriquez, 395 U.S. at 330.

We reach this conclusion even though Miles pled guilty to the charges.  The decision whether to file an appeal ultimately rests with the defendant.  Jones v. Barnes, 463 U.S. 745, 751 (1983).  In this case, trial counsel's failure to follow Miles' timely instruction to appeal cannot be considered a strategic decision but, instead, "reflects inattention to the defendant's wishes."  Roe, 528 U.S. at 477.  That a defendant pled guilty is an appropriate factor to consider when determining whether counsel was ineffective for failing to consult with the

_____

Miles then wrote his attorney and told the attorney that he "wanted to appeal."  Receiving no response from his attorney, Miles persisted in his decision to appeal by writing the circuit court on three occasions and stating that he wanted to file an appeal.  As we have already noted, Miles' trial counsel did not dispute these assertions in his affidavit filed in the circuit court.  Thus, we cannot say that Miles' claim is merely a "blanket assertion" that he requested an appeal, which, it if were, would be insufficient to establish deficient performance.  Ledbetter v. United States, 182 F. Supp.2d 510, 517 (W.D.N.C. 2001).

8

defendant about an appeal.  See id. at 479.  Failure to consult is not the issue in this case.

With regard to the "prejudice" prong of the Strickland test, the Court in Roe held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal."  Id. at 484. The question whether a particular defendant has made the requisite showing of prejudice will turn on the facts of the case.  Id. at 485.  However, the Court reiterated its prior holding in Rodriquez:  "[T]he defendant, by instructing counsel to perfect an appeal, objectively indicated his intent to appeal and was entitled to a new appeal without any further showing."  Id.

We reach the same conclusion in this case even though we recognize that the defendant in Rodriquez did not enter a guilty plea.  Nevertheless, the respondent argues that, given the narrow scope of issues available for appeal following a guilty plea in Virginia and Miles' failure to identify any viable ground of appeal, Miles has not

9

demonstrated the requisite prejudice to justify habeas relief.[3]  We do not agree.

Although the range of potential grounds for appeal following a guilty plea is limited in Virginia, a defendant who has pled guilty still retains the statutory right to file a notice of appeal and present a petition for appeal to the Court of Appeals of Virginia.  See Code §§ 17.1-406 and -407.  Thus, when a defendant, after pleading guilty, timely instructs counsel to file an appeal, we conclude that it would be unfair to find an absence of prejudice solely because the defendant failed to state, in a habeas corpus petition, the anticipated grounds of a belated appeal.  Such a requirement is not imposed on a defendant who has pled not guilty and seeks a belated appeal.  See Roe, 528 U.S. at 486.  As the Court in Rodriquez recognized, "[t]hose whose right to an appeal has been frustrated should be treated exactly like any other appellants."  Rodriquez, 395 U.S. at 330 (rejecting any requirement that a defendant "specify the points he would raise were his right to appeal reinstated").  Otherwise,

---

[3] Two cases relied upon by the respondent, Sarroca v. United States, 250 F.3d 785 (2nd Cir. 2001), and Montero-Melendez v. United States, ___ F. Supp.2d ___ (S.D.N.Y. 2003), are not relevant because the defendants in those cases had not instructed their respective counsel to file

the defendant who has entered a guilty plea would often have to search the record for meritorious grounds for an appeal before an attorney has done so, and this Court would have to use its resources to determine whether nonfrivolous grounds for an appeal exist when ruling on the defendant's habeas corpus petition rather than doing so more efficiently in the direct appeal process.  However, we emphasize that our holding today is limited to those situations where a defendant has unequivocally and timely instructed counsel to perfect an appeal.

For these reasons, we will reverse the judgment appealed from and remand the case to the circuit court with directions to issue the writ of habeas corpus and to grant leave to Miles to file a notice of appeal and to petition the Court of Appeals of Virginia for an appeal from the judgments rendered on November 29, 2001 by the Circuit Court for the City of Newport News upon two convictions of robbery and one conviction for use of a firearm in the commission of a felony.

<u>Reversed and remanded</u>.

---

an appeal.  Instead, both cases focused on counsel's duty to consult with the respective defendant about an appeal.