# CIRCUIT COURT OF THE CITY OF NORFOLK

Herbert Milton Jordan

v.

Harold W. Clarke,
Director of the Virginia
Department of Corrections

July 20, 2015

Norfolk Circuit Court Case No. CL15-3594; Supreme Court of Virginia
Record No. 140818

BY JUDGE DAVID W. LANNETTI

Today the Court makes findings of fact and offers recommended conclusions of law regarding the *habeas corpus* petition filed by Petitioner Herbert Milton Jordan. Pursuant to the Supreme Court of Virginia's March 13, 2015, Order, this Court conducted an evidentiary hearing on May 27, 2015, to take evidence regarding whether the Petitioner was denied his right to appeal his criminal conviction, as outlined in Claim A of his petition. The Court took the matter under advisement to allow counsel to provide post-hearing briefs. The Court, after reviewing the pleadings, related briefs, the evidentiary hearing transcript, and applicable authorities, now delivers its findings and recommendations. For the following reasons, the Court finds that the Petitioner did not satisfy his burden of proving that he requested that his attorney file an appeal or that his attorney had a duty to consult with him regarding the possibility of filing an appeal. The Court, therefore, recommends that the Supreme Court conclude that the Petitioner was not deprived of effective assistance of counsel and, more specifically, that the Petitioner was not denied the right to appeal his criminal conviction.

Based on the pleadings and the admissions disclosed at the hearing, the following facts are undisputed.

The Court adjudicated the Petitioner's underlying criminal action via plea agreement (the "Plea Agreement"). (R. 73-75.) At the time the Petitioner opted to enter the Plea Agreement, he was charged with two counts of robbery, two counts of use of a firearm in the commission of a felony, and

one count of possession of a firearm by a convicted felon. (R. 73.) His sentence exposure for these charges was two life sentences plus an additional term of years in prison. Va. Code Ann. §§ 18.2-58, 18.2-53.1, 18.2-308.2 (1950). On May 9, 2012, the Petitioner signed and the Court entered the Plea Agreement, in which he agreed to plead guilty to one count of robbery, one count of use of a firearm in the commission of a felony, and one count of possession of a firearm by a convicted felon; the Commonwealth agreed to *nolle prosequi* the remaining offenses. (R. 75, 152.) The Plea Agreement limited the Petitioner's active incarceration to seven years and one month, which was at the low end of the sentencing range *for the reduced charges*. (R. 74; Tr. 78:16-17, 81:2-3.) The Commonwealth's willingness to enter plea negotiations apparently was based on the unavailability of one of its key witnesses on the trial date, which also became the plea hearing date, as memorialized by the Petitioner's attorney, Trevor Robinson, Esq., in his May 10, 2012, letter to the Petitioner. (R. 96.)

The Petitioner executed a document entitled "Advice to Defendants Pleading Guilty" prior to the plea hearing. (R. 115-17, Ex. E.) Line 7 of that document states that the Petitioner can read and write; line 12 states, "I am entering my plea of guilty freely and voluntarily. I am pleading guilty because I am in fact guilty of this (these) charge(s)."; line 20 states, "I understand that by pleading guilty I may give up any right to appeal the decision of the court."; line 26 states, "I am entirely satisfied with the services of my attorney."; and line 27 states, "I have read and discussed every item in this document, *line by line*, with my lawyer, and I understand every item in this document. All of my answers are truthful." (R. 115-17.) Mr. Robinson signed the "Attorney's Certification" at the end of the document, certifying that he had discussed the contents of the document line by line with the Petitioner and that Mr. Robinson was satisfied that, *inter alia*, the Petitioner fully understood the implications of his guilty pleas. (R. 117.)

The Petitioner affirmed to the Court, under oath, during the plea hearing that: he can read and write (R. 81, 6:18-19); he read the "Advice to Defendants Pleading Guilty" document carefully (R. 81, 6:24 to 7:1); he reviewed the document with his attorney line by line and understood what the document said before he signed it (R. 82, 7:2-8); and he was entirely satisfied with the services of his attorney. (R. 82, 7:9-11.) At that same hearing, the Court asked Mr. Robinson whether he had the chance to go over the "Advice to Defendants Pleading Guilty" document with the Petitioner, and Mr. Robinson responded that he had. (R. 82, 7:13-17.) The Court then asked Mr. Robinson whether he was satisfied that the Petitioner understood what the document said before the Petitioner signed it, and Mr. Robinson responded that he was. (R. 82, 7:18-20.)

As discussed, the actual Plea Agreement, which was signed by the Petitioner and presented at the plea hearing, states that the Petitioner is pleading guilty to one count of robbery, one count of use of a firearm in

the commission of a felony, and one count of possession of a firearm by a convicted felon. (R. 152.) It also states that "Defendant is pleading guilty because he is in fact guilty of these offenses." (R. 152.)

The Petitioner apparently sent Mr. Robinson a letter inquiring about filing a motion to reconsider. (Tr. 52:19-20.) On September 19, 2012, Mr. Robinson sent a letter to the Petitioner discussing the unavailability of a motion to reconsider in a case involving a plea agreement. (R. 95; Tr. 32:12-13, 52:14-15.) The Petitioner never sent correspondence to Mr. Robinson advising that he would like to appeal or discuss his right to appeal. (Br. in Supp. of Pet'r's Claim 3.)

Some aspects of the testimony of the Petitioner and of Mr. Robinson at the evidentiary hearing were undisputed or consistent. Mr. Robinson was not the Petitioner's first attorney in this matter; the Petitioner previously moved the Court to remove his prior counsel, and the Court granted the motion and appointed Mr. Robinson. (Tr. 34:25 to 36:14.) The Petitioner was a convicted felon at the time the Plea Agreement was presented to the Court. (Tr. 32:23 to 33:12.) At that time, Mr. Robinson had been a criminal attorney for approximately eight years. (Tr. 40:15-20.) The Petitioner clearly expressed an intent to take the case to trial, and the Petitioner was dressed out for trial the morning that the Plea Agreement was signed. (Tr. 18:6-21, 42:6-7, 55:7-21.) One of the Commonwealth's key witnesses was unavailable on the day of the scheduled trial, and the Commonwealth therefore was willing to seek a continuance of the trial. (Tr. 45:17-25.) The Petitioner pleaded guilty to three of the charges and entered the Plea Agreement with the Commonwealth that included a specific sentence, and that exact sentence ultimately was imposed. (Tr. 30:18-21.) Although there was correspondence between the Petitioner and Mr. Robinson after the plea hearing, none of it addressed filing an appeal. (Br. in Supp. of Pet'r's Claim 3; Tr. 32:1-11, 52:16-18.) Other aspects of the evidentiary hearing testimony were contradictory.

The Petitioner claimed on the day of the scheduled trial that he was not prepared to go to trial, as Mr. Robinson had not met with him to discuss trial strategy. (Tr. 21:6-20.) The Petitioner claimed that, if he knew he was giving up his right to appeal by entering into the Plea Agreement, he would not have pleaded guilty. (Tr. 27:11-12.) The Petitioner further claims that he spoke to Mr. Robinson in the Court lockup after he pleaded guilty and entered into the Plea Agreement. (Tr. 31:5-12.) At that time, the Petitioner affirms that he asked Mr. Robinson whether he could appeal, and the Petitioner claims that Mr. Robinson responded, "I will see what I can do." (Tr. 22:22-25.)

Mr. Robinson testified that the Petitioner actively participated in the plea negotiations prior to the plea hearing, specifically to understand how the plea would affect prior sentences that he had. (Tr. 45:15 to 46:13.) Mr. Robinson also testified that he had a specific recollection that the Petitioner

never asked him to file an appeal. (Tr. 52:2-3, 64:2-20.) Mr. Robinson asserted that, *if* the Petitioner had asked for an appeal, he would have noted the Petitioner's appeal immediately. (Tr. 52:4-5.)

The Court finds Mr. Robinson's testimony and recollection of events to be credible and the Petitioner's testimony and recollection of events to be incredible. The Petitioner claims that he did not feel prepared to go forward with trial, yet there is no claim or supporting evidence that he pursued accepting the Commonwealth's offer to continue the trial date. The Petitioner claims that he was not satisfied that his attorney had properly prepared him for trial, yet the Petitioner did not seek to have Mr. Robinson withdraw as counsel despite being familiar with the process to do so (*see* R. 109-10) and despite indicating to the Court that he was entirely satisfied with the services of Mr. Robinson. The Petitioner claims that he wanted to pursue a trial because he was not guilty of the charges, yet he, on multiple occasions, indicated that he was pleading guilty because he in fact was guilty of the crimes charged. The Petitioner claims that he was not aware he was waiving his right to appeal, yet he attested to having read the "Advice to Defendants Pleading Guilty" document carefully, reviewed the document with his attorney line by line before he signed it, and understood what the document said. The Petitioner ultimately was sentenced in accordance with the Plea Agreement to a sentence that was *substantially less* than · he might have faced after a jury trial and that was at the low end of the sentencing guidelines *for the reduced charges*. Of note, according to the judge presiding over the entry of the Plea Agreement, Mr. Robinson and the Commonwealth's Attorney that morning spent "close to three hours in negotiating this [plea] agreement." (R. 89, 14:24-25.)

"[C]riminal defendants have a Sixth Amendment right to 'reasonably effective' legal assistance." *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To prevail in an ineffective assistance of counsel claim, a petitioner must prove both "that counsel's representation 'fell below an objective standard of reasonableness' " and "that counsel's deficient performance prejudiced the defendant." *Id.* at 476-77 (2009) (quoting *Strickland*, 466 U.S. at 668, 694).

With respect to the performance prong, "courts must 'judge the reasonableness of counsel's conduct on the facts of the particular case, viewed at the time of counsel's conduct,' and 'judicial scrutiny of counsel's performance must be highly deferential'." *Id.* at 477 (quoting *Strickland*, 466 U.S. at 689-90). The Supreme Court of the United States has held that an attorney who disregards a defendant's specific instructions to file a notice of appeal performs unreasonably. *Id.* Additionally, an attorney has a constitutionally imposed duty to consult with a defendant regarding the possibility of an appeal when he has reason to believe that (1) a rational defendant would desire an appeal or (2), under the circumstances, the actual defendant sufficiently demonstrated to the attorney that he wanted

to appeal. *Id.* at 480. "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* Additionally, in cases where the defendant pleads guilty, the Court must consider "whether the defendant received the sentence bargained for as part of the plea." *Id.*

With respect to the prejudice prong, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

The issues before the Court therefore are: (1) whether Mr. Robinson disregarded specific instructions from the Petitioner to file a notice of appeal; (2) whether a rational defendant would have desired an appeal, and Mr. Robinson failed to consult with the Petitioner about such an appeal; (3) whether, under the circumstances, the Petitioner sufficiently demonstrated to Mr. Robinson that he wanted to appeal, and Mr. Robinson failed to consult with the Petitioner about such an appeal; and, assuming that one of these conditions is satisfied and Mr. Robinson therefore performed unreasonably, (4) whether there is a reasonable probability that, but for Mr. Robinson's deficient performance, the Petitioner would have timely appealed.

If Mr. Robinson had been specifically asked by the Petitioner to file an appeal and Mr. Robinson ignored the request, such an oversight would be grounds to issue a writ of *habeas corpus. Miles v. Sheriff of the Va. Beach City Jail*, 266 Va. 110, 112, 581 S.E.2d 191, 192 (2003). The Court does not find such an oversight in this case. In *Miles*, the Supreme Court of Virginia found that the defendant had objectively demonstrated his intent to appeal by writing to his attorney on several occasions, specifically stating that he wanted to appeal. *Id.* at 113, 581 S.E.2d at 192. Here, the Petitioner never wrote to Mr. Robinson stating that he wanted to appeal, and the Court finds, under the circumstances, Mr. Robinson's testimony that the Petitioner did not articulate a request to appeal to be more credible than the Petitioner's testimony. The Petitioner has not proved that he gave Mr. Robinson specific instructions to file a notice of appeal, and Mr. Robinson, therefore, could not have disregarded such instructions.

The Court finds that there was no consultation between the Petitioner and Mr. Robinson regarding the Petitioner's right to appeal. The Court further finds that the Petitioner has failed to prove that Mr. Robinson had a constitutionally imposed duty to engage in such consultation because there was no reason for Mr. Robinson to think either that a rational defendant would want to appeal or that, under the facts present here, that the Petitioner reasonably demonstrated to Mr. Robinson that he was interested in appealing. Because the Petitioner has not satisfied the performance prong

under *Strickland*, there is no need for the Court to evaluate the prejudice prong.

After reviewing the pleadings, related briefs, transcript from the evidentiary hearing, and applicable authorities, the Court concludes that the Petitioner has failed to prove that he was deprived of effective assistance of counsel or, more specifically, that he was denied the right to appeal his criminal conviction. For the reasons stated herein, the Court recommends the following conclusions of law:

1. Mr. Robinson's representation of the Petitioner did not fall below an objective standard of reasonableness, was not deficient, and, as a result, could not and did not prejudice the Petitioner;

2. The Petitioner was not denied his right to appeal.

Endorsements are waived pursuant to Rule 1:13. The Clerk shall mail (or email) copies of this Order to the parties, to counsel, and to the Clerk of the Supreme Court of Virginia. It is so ordered.