COURT OF APPEALS OF VIRGINIA

Present:  Judges O'Brien, AtLee and Senior Judge Frank
Argued at Norfolk, Virginia

UNPUBLISHED

MALIK LUQUAN KENNEDY

v.      Record No. 0510-16-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT P. FRANK
MARCH 7, 2017

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Randall D. Smith, Judge

Diallo K. Morris (Black & James, P.C., on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


After finding appellant in violation of three conditions of his probation, the trial court

revoked appellant's previously suspended sentence, resuspended eight years, and ordered that

appellant serve one year and twenty-four months.  Appellant argues on appeal that the court

erred in allowing allegedly inadmissible hearsay evidence to establish appellant violated a

condition of his probation prohibiting communications with gang members.  We find that the

court did not abuse its discretion in admitting the evidence and affirm the judgment of the trial

court.

BACKGROUND

In December 2015, appellant's probation officer, Juliana Isa, requested the circuit court to

issue a capias for appellant and schedule a probation violation hearing.  The initial major violation

report, dated December 1, 2015, recited that appellant had been convicted of new charges while on

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

probation, had left the designated area outlined in his probation terms and conditions, and had failed to make any payments towards restitution. In an addendum to the major violation report, dated February 10, 2016, the probation officer reported that appellant had violated another condition of his probation by contacting several incarcerated gang members by regular mail and J-Pay.[1] Specifically, the allegation stated:

> On 5/4/15, Norfolk Probation and Parole Officer Matthews read and explained the Specialized Instructions for Validated Gang Members. Mr. Kennedy signed the required documents set forth for all certified gang members in accordance with the Department of Corrections. On 1/29/16, this Officer received correspondence from Gang Intelligence Officer Antony Royster from Greensville Correctional Center stating that he had intercepted letters that Mr. Kennedy was contacting several gang members by regular mail and J-Pay.

At the outset of the February 25, 2016 revocation hearing, the court advised appellant that the probation officer had reported violations of Condition 1 (a speeding violation in Southampton County), Condition 10 (leaving the designated area without the probation officer's permission), and the Special Condition regarding court costs. The court further advised appellant that the probation officer had alleged in an addendum that appellant had violated Condition 6 by communicating "with alleged gang members in the Department of Corrections."

When the court asked appellant how he responded to the allegations, appellant replied, "Guilty, Your Honor."[2] The trial court made the violation report and addendum part of the record without objection by appellant.

---

[1] J-Pay is a privately run corrections-related service provider that facilitates internet communications and transfers of money between incarcerated and non-incarcerated individuals.

[2] While the trial court asked for appellant to respond to the charges, it did not ask for a plea, nor was there a colloquy to determine whether the plea was intelligently and voluntarily made. The trial court made no such finding. We further note that under Code § 19.2-306, the trial court does not make a finding of guilt, but, rather, must find only "good cause to believe the defendant has violated the terms of suspension." We conclude that appellant's "plea" of guilty, under the narrow facts of this case, did not waive his hearsay objections. See Miles v. Sheriff of

The prosecutor noted that there was a traffic violation in addition to speeding, and a failure to pay restitution, as well as costs. The Commonwealth presented no further evidence.

Appellant testified on his own behalf, explaining his misunderstanding about travel restrictions and his inability to pay restitution because he was being garnisheed. He admitted corresponding with his cousin, a gang member, but said the letter contained no codes, slang, symbols or signs pertaining to gangs. He denied writing to any other gang member. However, he did acknowledge the probation rules prohibited him from having any contact with gang members.

In rebuttal, the probation officer testified she had received correspondence from a gang intelligence officer at Greensville Correctional Center who had intercepted correspondence from appellant. Three actual letters written by appellant were attached to the e-mail. Although the probation officer had the letters with her in court, they were not introduced into evidence. Appellant objected to the e-mail on hearsay grounds but did not contest that appellant authored the letters. The trial court ruled the evidence was admissible and reliable. The court further concluded that the evidence from the probation officer could be used to rebut appellant's statement that he wrote only one letter to his cousin. The court allowed the probation officer to testify.

The probation officer testified as to an e-mail she had received from Gang Intelligence Officer Royster. Officer Royster indicated that one of the letters written by appellant revealed that appellant was a part of the "NYB council" and communicated "regularly" with that group. The letter discussed a stabbing in the New York Department of Corrections, and warned that there could be a war between gangs. The probation officer also referred to an e-mail to appellant from a member of the "Immortal Outlaws," regarding transporting drugs into a correctional facility.

---

the Va. Beach City Jail, 266 Va. 110, 113-14, 581 S.E.2d 191, 193 (2003) (confirming well-settled principle of law that defendant who voluntarily pleads guilty waives all non-jurisdictional defects that occurred prior to entry of the guilty plea).

Appellant had provided a telephone number to receive calls from inmates, but the gang intelligence officer did not find that any call to appellant had been completed.

On cross-examination, the probation officer testified that she was not familiar with appellant's handwriting. She said that she did not speak to appellant about the letters because he was in custody by the time she had received the information.

Following the probation officer's testimony, defense counsel renewed his objection to the testimony as "hearsay" and "not reliable." The judge again found the "hearsay" was "reliable" and could be used to rebut appellant's denial of writing to several gang members.

The judge then noted the serious nature of the content of the gang communications evidence and stated he would require the Commonwealth to give copies of the letters to the defense and would continue the hearing if appellant so chose. The judge stated the Commonwealth could adduce evidence about appellant sending the letters and the defense could challenge the evidence. After speaking with appellant, defense counsel advised the court that appellant wanted to finish the case that day, thus indicating he chose not to challenge the correspondence. The court commented that the content of the correspondence with gang members was the most serious violation and said to appellant, "I'm giving you an opportunity to rebut or contest any of that if you want to. And you're saying you don't want to?" Counsel stated that appellant would address it during allocution. During allocution, however, appellant only apologized for his actions and did not mention communications with gang members.

This appeal followed.

## ANALYSIS

Appellant contends the trial court erred in allowing the probation officer to read into evidence an e-mail from the gang intelligence officer, which appellant contends is hearsay. Appellant does not contest that he violated the terms of probation, including that he communicated

with gang members. The addendum to the violation report stated that the gang intelligence officer indicated appellant "was contacting several gang members . . . ." Appellant acknowledged he was "guilty" of these allegations, thus admitting he had communicated with gang members.

In this appeal, both parties frame the hearsay issue as whether the gang intelligence officer's e-mail satisfies the "reliability" test under Henderson v. Commonwealth, 285 Va. 318, 736 S.E.2d 901 (2013), and its progeny. In Henderson, the Supreme Court discussed two tests for determining whether the denial of the right to confrontation in a revocation proceeding comported with constitutional due process. "The first, the 'reliability test,' permits admission of testimonial hearsay in revocation proceedings if it possesses substantial guarantees of trustworthiness." Id. at 327, 736 S.E.2d at 906. "The second test, the 'balancing test,' requires the court to weigh the interests of the defendant in cross-examining his accusers against the interests of the prosecution in denying confrontation." Id. We note the trial court found the e-mail to be reliable, but the analysis in Henderson does not apply here because it was premised on a Fourteenth Amendment due process right to confrontation.

Appellant did not make a due process argument below.[3] At trial, appellant challenged the evidence only as being unreliable hearsay. In Henderson, however, the hearsay objection was accompanied by a due process objection. See id. at 322, 736 S.E.2d at 903. Although appellant requested in his opening brief that we apply the ends of justice exception if we found he had failed to preserve an issue, we decline to do so, as the record does not show a "miscarriage of

---

[3] At oral argument, appellant was questioned whether he made a due process right of confrontation argument below. He responded that he implicitly raised this argument by his objection to hearsay. Clearly, he did not preserve that argument. A hearsay objection, without more, raises no confrontation argument. See, e.g., Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc) ("Making one specific argument on an issue does not preserve a separate legal point on the same issue for review."), aff'd by unpub'd order, Record No. 040019 (Va. Oct. 15, 2004).

justice has occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

Thus, the issue before us does not concern appellant's constitutional confrontational rights, and we apply an abuse of discretion standard of review. "Decisions regarding the admissibility of evidence lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion." Saunders v. Commonwealth, 62 Va. App. 793, 807, 753 S.E.2d 602, 609 (2014) (quoting Swanson v. Commonwealth, 56 Va. App. 147, 152, 692 S.E.2d 256, 258 (2010)). An abuse of discretion occurs

> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

Mayberry v. Commonwealth, 66 Va. App. 93, 98, 782 S.E.2d 599, 601 (2016) (quoting Turner v. Commonwealth, 284 Va. 198, 206, 726 S.E.2d 325, 329 (2012)).

The United States Supreme Court has stated that in revocation hearings "formal procedures and rules of evidence are not employed," Gagnon v. Scarpelli, 411 U.S. 778, 789 (1973), and that the process of revocation hearings "should be flexible enough to consider evidence that would not be admissible in an adversary criminal trial," Morrissey v. Brewer, 408 U.S. 471, 489 (1972). "Thus, hearsay evidence, which normally would be inadmissible in a criminal trial, may be admitted into evidence in a revocation hearing based on the court's discretion." Davis v. Commonwealth, 12 Va. App. 81, 84, 402 S.E.2d 684, 686 (1991) (finding trial court did not err in admitting probation officer's testimony, which was based partly on information given to her by other government officials).

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted." Va. R. Evid.

2:801(c). Hearsay is not admissible unless it comes within an exception established by Virginia rules of court, statutes, or case law. Va. R. Evid. 2:802. Any statement by a party to the proceedings, including an out-of-court statement by a defendant in a criminal case, is admissible as an exception to the hearsay rule when offered against that party. Va. R. Evid. 2:803(0) (stating that a "party's own statement" may be offered against him as a hearsay exception); see also E. Cleary, McCormick on Evidence § 262 (3d ed. 1984); Fed. R. Evidence § 801(d)(2). Thus, any correspondence from appellant to his cousin or to inmates in the New York penal system was admissible as a party admission. See Goins v. Commonwealth, 251 Va. 442, 461, 470 S.E.2d 114, 127 (1996); McCarter v. Commonwealth, 38 Va. App. 502, 508-09, 566 S.E.2d 868, 871 (2002). One of appellant's letters discussed a stabbing in New York and warned there could be a war between gangs. We conclude the trial court did not abuse its discretion in admitting these letters.

The only possible hearsay issue concerns the correspondence to appellant from prisoners, which also was contained in the e-mail from the gang intelligence officer. Assuming, without deciding, that portion of the e-mail was hearsay, the admission was harmless.

A non-constitutional error, such as this one, is harmless if "when all is said and done, . . . the error did not influence the jury, or had but slight effect." Ramsey v. Commonwealth, 63 Va. App. 341, 356, 757 S.E.2d 576, 584 (2014) (quoting Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731 (2001)). However, if we "cannot say, with fair assurance, after pondering all that happened . . . , that the judgment was not substantially swayed by the error, . . . the conviction cannot stand." Id. (quoting Clay, 262 Va. at 260, 546 S.E.2d at 731-32). Relevant to this analysis is whether "the evidence admitted in error was merely cumulative of other, undisputed evidence." Ferguson v. Commonwealth, 16 Va. App. 9, 12, 427 S.E.2d 442,

445 (1993). In considering harmless error, we examine the full context of the case under these well-established principles.

Certain facts are uncontroverted in this case. The probation violation report, which was admitted without objection, alleged appellant had communicated with several known gang members. Appellant admitted he had communicated with his cousin, an imprisoned gang member, even though appellant knew a condition of his probation prohibited him from having any contact with gang members.

The trial court stated that appellant's communications with gang members were the most serious of his violations. However, as discussed above, the letters appellant wrote to incarcerated gang members were admissible as party admissions, an exception to the hearsay rule. That correspondence revealed that appellant was part of the "NYB Council" and communicated regularly with that group. One letter appellant wrote discussed a stabbing of a NYB member by a rival gang member in the New York Department of Corrections and warned of a gang war. We conclude the correspondence to appellant regarding transporting drugs into the prison was simply cumulative of appellant's correspondence with gang members, which relayed appellant's gang participation and his awareness of dangerous conditions in the New York penal system involving rival gangs.

Having reviewed the full context of this case, we conclude, with full assurance, that the judgment of the trial court was not substantially swayed by the admission of the challenged testimony about the e-mail to appellant. Absent that evidence, we are confident the outcome would have been the same.

Furthermore, when given an opportunity to review and challenge the correspondence for accuracy, appellant declined to do so. Even though appellant told the court he would address the matter at allocution, he did not do so, but simply apologized for his acts. Appellant is

responsible for whatever prejudice he alleges resulted.  See Sigler v. Commonwealth, 61 Va. App. 674, 681, 739 S.E.2d 272, 275-76 (2013) (holding trial court did not abuse discretion in awarding restitution and noting defendant could have asked victim to produce list she made showing the value of her stolen property or for continuance to review victim's list, but "did nothing").

We affirm the judgment of the trial court.

Affirmed.