COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Beales and Russell

ANDREW HOFFMAN BLACK

v.     Record No. 0927-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JULY 5, 2022

FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
Herbert M. Hewitt, Judge

(Patricia Alice Bolen, Deputy Public Defender, on briefs), for
appellant.

(Jason S. Miyares, Attorney General; William K. Hamilton, Assistant
Attorney General, on brief), for appellee.


Upon his guilty plea, the trial court convicted Andrew Hoffman Black for rape in violation

of Code § 18.2-61. Appellant contends that the trial court abused its discretion in sentencing him to

sixty years of imprisonment with thirty years suspended. After examining the briefs and record in

this case, the panel unanimously holds that oral argument is unnecessary because "the dispositive"

issue in this appeal has been "authoritatively decided, and the appellant has not argued that the case

law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule

5A:27(b). We affirm the decision of the trial court.

BACKGROUND

On March 25, 2021, appellant pled guilty to rape. Before accepting appellant's guilty pleas,

the trial court conducted a thorough colloquy to ensure that appellant was entering his pleas freely

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and voluntarily. The trial court specifically inquired if appellant understood the range of punishment for the offense if convicted, and appellant acknowledged that he did.

The Commonwealth proffered that, had the matter proceeded to trial, the evidence would have proven that appellant encountered the victim, K.L., on the evening of April 30, 2019, after she finished her work shift at a local restaurant. When K.L.'s grandmother did not appear to drive her home as scheduled, a mutual acquaintance asked appellant to drive K.L. home, and he agreed.

Appellant drove K.L. to another restaurant, where they had drinks and discussed their respective families. Appellant then drove K.L. to her residence where she lived alone. Outside, appellant and K.L. smoked a cigarette together. K.L. thanked appellant for the ride and went inside, thinking that appellant had gone.

As she prepared for bed, K.L. heard a noise and then saw appellant inside her residence. She asked if he needed to use the restroom, but he did not respond. Appellant's demeanor changed completely, and he attacked K.L. He struck her in the face, and she fell to the ground. Laughing at K.L., he climbed on top of her. He held her hands over her head while trying to remove his pants. K.L. resisted and tried to crawl away, but he hit her again and dragged her by the hair to the bedroom. After ripping her clothes off, he held her down while penetrating her vagina with his finger. K.L. heard what sounded like a condom wrapper being opened. K.L. continued to fight and say "no," but appellant penetrated her vagina with his penis. Appellant then forced his penis inside K.L.'s mouth.

K.L. continued to fight and briefly freed herself from appellant's grasp. However, he shoved her to the floor, causing her head to hit the bed and wall. Appellant penetrated her vagina again with his penis for about two minutes. Appellant ejaculated on K.L., put his pants on, and left.

K.L. showered, contacted her boyfriend, and went to the hospital with him. Evidence was recovered during a medical examination of K.L., and the police interviewed her. Genetic material

recovered from K.L.'s breast matched appellant's DNA. A blood stain on the wall of K.L.'s residence contained a mixture of DNA from appellant and K.L.

The police identified appellant as the perpetrator and searched his home. In the search, the police found the bloodstained t-shirt that appellant wore the night of the attack.

After further questioning of appellant at the guilty plea hearing, the trial court found that he made his guilty plea intelligently, willingly, and knowingly; the trial court accepted the plea and found appellant guilty of rape. The trial court granted the Commonwealth's motion to *nolle prosequi* other charges relating to the attack.

At the sentencing hearing, the trial court considered the presentence report, as well as K.L.'s testimony about the effects that the attack had had upon her. Among other things, she no longer felt safe, avoided going out in public, and had nightmares.

Appellant introduced letters of support from family members and friends that noted the positive changes and personal growth that appellant had made in his life since his incarceration. The character references portrayed appellant as a helpful and thoughtful person. Appellant also presented evidence of awards and commendations given to him through his service with the United States Navy. Appellant's sister identified a number of family and friends who attended the hearing to support him. The sister testified about appellant's strong family background and his spiritual growth while incarcerated awaiting trial.

In allocution, appellant expressed remorse and took responsibility for his actions. Nonetheless, acknowledging that the crime was "a violent, brutal offense," the trial court found that the sentencing guidelines were "nowhere near what they should be[.]" In an upward departure from

the guidelines, the trial court then sentenced appellant to sixty years of imprisonment with thirty years suspended.[1]  This appeal followed.

ANALYSIS

Appellant contends that the trial court abused its discretion in sentencing him to an active term of thirty years of imprisonment.[2]

"Criminal sentencing decisions . . . are vested in the sound discretion of trial judges, not appellate judges." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016).  "When exercising its discretionary power . . . , the trial court 'has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Id.* at 563-64 (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013)).  "Given this deferential standard of review, we will not interfere with the sentence so long as it was within the range set by the legislature for the particular crime of which the defendant was convicted." *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011)).

The Virginia Criminal Sentencing Guidelines are "discretionary, rather than mandatory." *West v. Dir. of Dep't of Corr.*, 273 Va. 56, 65 (2007).  "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42

---

[1] The sentencing guidelines recommended a sentence range from seven years and eleven months to seventeen years and one month of imprisonment.

[2] The Commonwealth maintains that, by pleading guilty, appellant waived his right to challenge his sentence on appeal.  By entering a voluntary and intelligent guilty plea, the accused "waives all non-jurisdictional defects that occurred *prior to* entry of the guilty plea." *Miles v. Sheriff of Va. Beach City Jail*, 266 Va. 110, 113 (2003) (emphasis added).  Appellant argues that the trial court abused its discretion in imposing the sentence, which occurred after he entered his plea.  Therefore, we do not find that appellant waived the claim he now raises on appeal.

Va. App. 461, 465 (2004). Thus, "the circuit court was required only to consider the sentencing guidelines before sentencing [appellant] and to file with the record of the case a written explanation of any departure from the indicated range of punishment." *West*, 273 Va. at 65 (citing Code § 19.2-298.01(B)). A trial court's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Accordingly, we may consider only whether appellant's sentence fell outside the permissible statutory range. *See Smith v. Commonwealth*, 26 Va. App. 620, 626 (1998); *Valentine v. Commonwealth*, 18 Va. App. 334, 339 (1994).

The task of sentencing "rest[s] heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Minh Duy Du*, 292 Va. at 563. The record here demonstrates that the trial court considered all of the evidence. Based on the evidence it deemed the most significant, including the facts of the case, the presentence report, and K.L.'s victim impact testimony, the trial court concluded that it should impose a sentence above the range recommended by the sentencing guidelines. The trial court was allowed to weigh the evidence in reaching this conclusion; it "was not required to give controlling effect to the mitigating evidence" offered by appellant. *Correll v. Commonwealth*, 232 Va. 454, 469 (1987).[3] The sentence the trial court imposed for appellant's rape conviction was within the range set by the legislature. *See* Code § 18.2-61. "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69

---

[3] Appellant argues that the trial court failed to consider evidence he offered in mitigation. His argument conflates consideration of such evidence with a rule by which the existence of mitigation evidence compels a more favorable result. The requirement that a trial court consider mitigation evidence at sentencing is not a requirement that the trial court will find such evidence compelling when weighed against the other evidence. From the record, we conclude that the trial court considered all of the evidence, including the evidence offered in mitigation, in reaching its sentencing decision.

Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565).  Here, appellant's sentence was within the statutory range, so "our task is complete." *Id*.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed*.