COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Fulton and Causey

KEVIN LAMONT WALKER

v.    Record No. 0030-23-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 24, 2023

FROM THE CIRCUIT COURT OF YORK COUNTY
Richard H. Rizk, Judge

(Brian W. Decker; Decker Law, PLLC, on brief), for appellant.

(Jason S. Miyares, Attorney General; Lauren C. Campbell, Assistant
Attorney General, on brief), for appellee.

Under a written plea agreement, the trial court convicted Kevin Lamont Walker of

unlawfully entering property, assault and battery, preventing a 911 call, trespassing, and violating a

protective order. The court sentenced Walker to a total of 60 months in jail with 52 months

suspended. On appeal, Walker argues that the trial court erred by denying his motion for funds to

hire a private investigator. He also argues that the trial court abused its sentencing discretion by

imposing eight months in jail. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

Walker and Amanda Selby were "in an on again, off again relationship." On July 8, 2022, they "got into an argument," and Selby told Walker that he was not welcome at her home. Later that evening, after Selby had fallen asleep, she awoke to find Walker standing in her bedroom with the lock on her door broken. Selby tried to call 911, but Walker took her phone and threw it. Selby called out to her 13-year-old son, who called the police. Selby obtained a protective order against Walker, which was served on Walker the morning of July 12, 2022. Within hours of being served with the protective order, Walker repeatedly called Selby's phone and sent her approximately 16 text messages.

Before trial, Walker filed a motion for funds to hire a private investigator. He asserted that he resided at the address where the offenses allegedly occurred and wanted a private investigator who could interview witnesses. After a hearing, the trial court denied Walker's motion, finding that he failed to demonstrate the required "need."

In November 2022, Walker pleaded no contest under a written plea agreement to five misdemeanor charges: unlawfully entering property, assault and battery, preventing a 911 call, trespassing, and violating a protective order.[2] Before accepting Walker's pleas, the trial court conducted a thorough colloquy to ensure they were entered freely and voluntarily. Walker confirmed that he had discussed the charges, their elements, and possible defenses with his

---

[1] "[W]e recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[2] In exchange for his pleas, the Commonwealth amended burglary and abduction charges to unlawful entry and assault and battery, respectively. The Commonwealth also nolle prossed two trespassing charges.

attorneys.[3]  After that discussion, he decided to plead no contest to the five misdemeanor charges. Walker understood that by pleading no contest he waived several rights, including the right to appeal certain rulings.  He further understood that the plea agreement did not contain an agreed sentence and the trial court could impose up to 60 months in jail.

The trial court accepted Walker's pleas, and the matter proceeded to sentencing.  Walker's criminal history consisted of three prior drug convictions, including a federal conviction for conspiracy to distribute cocaine, and four federal probation revocations.  The Commonwealth asked the trial court to impose a total of 15 months in jail, 3 months for each offense.  It argued that Walker did not "respect boundaries" despite numerous encounters with the criminal justice system.

In response, Walker argued that the tumultuous nature of his relationship with Selby caused him to text her despite the protective order in a misguided attempt to reconcile.  He emphasized that he had not contacted her in the 15 months before he entered the nolo contendere pleas and that the underlying offenses precipitated the "final breakup."  In allocution, Walker stated that the "bad relationship" with Selby had caused him to "ma[k]e bad decisions."  He no longer communicated with Selby and wanted only to work and provide for his daughter.

The trial court sentenced Walker to a total of 60 months in jail with 52 months suspended. The trial court emphasized that Walker had entered Selby's house despite her instruction that he was not welcome and had contacted her in violation of the protective order forbidding him from doing so.  The court ordered Walker to have "no contact whatsoever" with Selby.

On appeal, Walker argues that the trial court abused its discretion by denying his motion for funds to hire a private investigator.  He also argues that the trial court abused its sentencing discretion by "failing to give adequate weight to the mitigating circumstances."  He asserts that he

---

[3] Gordon Klugh, Esquire, and Brian Decker, Esquire, represented Walker at the November 2022 hearing; Brian Decker continues his representation of Walker in this case.

"accepted full responsibility" by pleading no contest, saving the Commonwealth the expense, time, and effort of a trial. He also argues that he "expressed appropriate remorse" by acknowledging that he made "bad decisions." Walker concludes that the trial court's resort to a "non-constructive" term of imprisonment was "unduly harsh," "ignored the factors warranting mercy," and "did not 'fit the offender.'"

ANALYSIS

I. Walker waived his claim concerning a private investigator.

"[W]hen an accused enters a voluntary and intelligent plea of guilty to an offense, he waives all defenses except those jurisdictional." *Clauson v. Commonwealth*, 29 Va. App. 282, 294 (1999) (quoting *Savino v. Commonwealth*, 239 Va. 534, 538 (1990)). "[T]he same is true when an accused enters a plea of *nolo contendere*." *Id.* Such pleas "represent[] a break in the chain of events which has preceded it in the criminal process." *Id.*; *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Accordingly, it "is a 'waiver' of all non-jurisdictional defects that occurred before entry of the plea." *Trevathan v. Commonwealth*, 297 Va. 697, 697 (2019) (quoting *Miles v. Sheriff of the Va. Beach City Jail*, 266 Va. 110, 113 (2003)). Such a waiver even applies to "claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Beaver v. Commonwealth*, 232 Va. 521, 526-27 (1987) (quoting *Tollett*, 411 U.S. at 267). Moreover, *this* waiver is also a waiver of *appeal* of any non-jurisdictional defects after entry of a no contest plea. *Id.* at 527 (defendant appealing death sentence "may not complain of any non-jurisdictional defects that occurred prior to his guilty plea").

Walker entered an unconditional no contest plea to the five misdemeanor charges after the trial court denied his motion for funds to hire a private investigator, and his argument on

- 4 -

appeal does not challenge the trial court's jurisdiction. Accordingly, the argument is waived for appeal.[4]

## II. Sentencing

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564-65 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Here, Walker's sentences were within the sentencing ranges set by the legislature. *See* Code §§ 18.2-11, 18.2-57, 18.2-60.4, 18.2-119, 18.2-121(B), 18.2-164(B).

Moreover, it was within the trial court's purview to weigh the mitigating circumstances of the case, including Walker's decision to plead no contest and admit that he made bad decisions. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Balanced against those circumstances was Walker's extensive criminal history and the aggravating circumstances of this case. Walker entered Selby's house at night, while she was sleeping, and in defiance of her explicit instructions that he was not welcome in her home. Walker also attempted to contact her repeatedly almost immediately after police served him with the protective order. That behavior permitted the trial court to conclude that Walker did not respect court orders.

"Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v.*

---

[4] Appellant's brief makes no reference to Rule 5A:18, nor do we find "good cause" to disturb the trial court's ruling on his motion for funds to hire a private investigator.

*Commonwealth*, 13 Va. App. 580, 584 (1992).  "Criminal sentencing decisions are among the most difficult judgment calls trial judges face."  *Minh Duy Du*, 292 Va. at 563.  "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case."  *Id.*  After weighing the evidence in this case, the trial court determined that a total of eight months in jail was appropriate.  That sentence "does not exceed [the statutory] maximum," and our task is complete.  *Id.* at 564; *see also Thomason*, 69 Va. App. at 99.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*